John K. Buche (Bar No. 239477)
jbuche@buchelaw.com
Lindsay D. Molnar (Bar. No. 275156)
lmolnar@buchelaw.com
BUCHE AND ASSOCIATES, P.C.
9100 Wilshire Blvd., Suite 445 East Tower
Beverly Hills, California 90212
(858) 459-9111
(858) 459–9120 fax

Ronald S. Bienstock (*Pro Hac Vice forthcoming*)
rbienstock@musicesq.com
Brent M. Davis (*Pro Hac Vice forthcoming*)
bdavis@musicesq.com
BIENSTOCK & MICHAEL, P.C.
411 Hackensack Ave., 7th Floor
Hackensack, NJ 07601
(201) 525–0300
(201) 525–0133 fax

Attorneys for Defendant
JOHN HORNBY SKEWES & CO. LTD.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**(WESTERN DIVISION – LOS ANGELES)**

| | |
|---|---|
| GIBSON BRANDS, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>JOHN HORNBY SKEWES & CO. LTD., a United Kingdom Corporation; and DOES 1 through 10,<br><br>    Defendants. | Case No.  CV 2:14-00609-DDP-SS<br><br>**DEFENDANT JOHN HORNBY SKEWES & CO. LTD.'S ANSWER AND COUNTERCLAIMS**<br><br>Complaint filed:  January 27, 2014<br>Judge: Hon. Dean D. Pregerson |

Defendant, John Hornby Skewes & Co. LTD. (hereinafter "Defendant" or "Counterclaimant" or "JHS"), by and through its attorneys Buche and Associates, P.C., and Bienstock & Michael, P.C., as and for its answer to the complaint filed on January 27, 2014 (the "Complaint") by plaintiff Gibson Guitar Corporation ("Gibson" or "Plaintiff"), in accordance with the numbered paragraphs therein, respectfully alleges as follows:

1.     Paragraph 1 of the Complaint contains no allegations and no answer is required.  To the extent a response is required, Defendant denies same.

2.     Defendant admits that Plaintiff alleges trademark infringement, trade dress infringement, trademark counterfeiting, unfair competition, trademark dilution and other related causes of action under federal, state and common law in connection with Plaintiff's alleged SG Body Design® Trademark, Explorer Body Design® Trademark, ES Body Design® Trademark, Flying V Body Shape Design® Trademark, Flying V Peghead Design® Trademark and the Kramer Peghead Design® Trademark. Defendant denies these, and all remaining allegations in paragraph 2 of the Complaint.

3.     Defendant is presently without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 3 of the Complaint, and on that basis denies the same.

4.     Defendant admits the allegations in paragraph 4 of the Complaint.

5.     Defendant denies the allegations in paragraph 5 of the Complaint.

2

6.     Defendant admits that representatives of JHS attended the 2014 Winter NAMM Show.  Defendant denies the remaining allegations in paragraph 6 of the Complaint.

7.     Defendant is presently without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 7 of the Complaint, and on that basis denies the same.

8.     Paragraph 8 of the Complaint contains conclusions of law to which no response is required.  To the extent paragraph 8 contains factual allegations, Defendant denies.

9.     Paragraph 9 of the Complaint contains conclusions of law to which no response is required.  To the extent paragraph 9 contains factual allegations, Defendant denies.

10.     Defendant denies that the SG Body Design® Trademark is distinctive and an indicator of source and that Plaintiff is the sole owner or has used it exclusively in commerce.  Defendant avers that the SG Body Design is a generic shape used throughout the industry.  Defendant admits the remaining allegations contained in Paragraph 10 of the Complaint.

11.     Defendant denies that the Explorer Body Design® Trademark is distinctive and an indicator of source and that Plaintiff is the sole owner or has used it exclusively in commerce.  Defendant denies that Plaintiff has used the Explorer Body Design® Trademark continuously since 1958.  Defendant avers that the

Explorer Body Design is a generic shape used throughout the industry.  Defendant admits the remaining allegations contained in Paragraph 11 of the Complaint.

12.     Defendant denies that the ES Body Design® Trademark is distinctive and an indicator of source and that Plaintiff is the sole owner or has used it exclusively in commerce.  Defendant avers that the ES Body Design is a generic shape used throughout the industry.  Defendant admits the remaining allegations contained in Paragraph 12 of the Complaint.

13.     Defendant denies that the Flying V Body Design® Trademark is distinctive and an indicator of source and that Plaintiff is the sole owner or has used it exclusively in commerce.  Defendant denies that Plaintiff has used the Flying V Body Design® Trademark continuously since 1958.  Defendant avers that the Flying V Body Design is a generic shape used throughout the industry.  Defendant admits the remaining allegations contained in Paragraph 13 of the Complaint.

14.     Defendant denies that the Flying V Peghead Design® Trademark is distinctive and an indicator of source and that Plaintiff is the sole owner or has used it exclusively in commerce.  Defendant denies that Plaintiff has used the Flying V Peghead Design® Trademark continuously since 1958.  Defendant avers that the Flying V Peghead Design is a generic shape used throughout the industry.  Defendant admits the remaining allegations contained in Paragraph 14 of the Complaint.

15.     Defendant denies that the Kramer Peghead Design® Trademark is distinctive and an indicator of source and that Plaintiff is the sole owner or has used it exclusively in commerce.  Defendant denies that Plaintiff has used the Kramer Peghead Design® Trademark continuously since 1958.  Defendant avers that the Kramer Peghead Design is a generic shape used throughout the industry.  Defendant admits the remaining allegations contained in Paragraph 15 of the Complaint.

16.     Defendant is presently without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 16 of the Complaint, and on that basis denies the same.

17.     Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18.     Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19.     Defendant denies that the Gibson Trademarks are used exclusively in commerce by Gibson.   The remaining allegations of Paragraph 19 of the Complaint are conclusions of law to which no response is required. To the extent that the remaining allegations in Paragraph 19 are factual allegations, Defendant denies.

20.     Defendant denies the allegations in Paragraph 20 of the Complaint.

21.     Defendant denies the allegations in Paragraph 21 of the Complaint.

22.     Defendant denies the allegations in Paragraph 22 of the Complaint.

23.     Defendant denies the allegations in Paragraph 23 of the Complaint.

24.     Defendant denies the allegations in Paragraph 24 of the Complaint.

25.     Defendant denies the allegations in Paragraph 25 of the Complaint.

26.     Defendant denies the allegations in Paragraph 26 of the Complaint.

27.     Defendant admits that it received correspondence from Plaintiff's counsel.   Defendant denies the remaining allegations in Paragraph 27 of the Complaint.

28.     Defendant denies the allegations in Paragraph 28 of the Complaint.

29.     Defendant admits that it exchanged correspondence with Plaintiff's counsel.   Defendant denies the remaining allegations in Paragraph 29 of the Complaint.

30.     Defendant denies the allegations in Paragraph 30 of the Complaint.

31.     Defendant denies the allegations in Paragraph 31 of the Complaint.

32.     Defendant denies the allegations in Paragraph 32 of the Complaint.

33.      The allegations of Paragraph 33 of the Complaint are conclusions of law to which no response is required. To the extent that the remaining allegations in Paragraph 33 are factual allegations, Defendant denies.

34.     Defendant repeats and re-alleges its prior responses as if fully set forth at length.

35.     Defendant denies the allegations in Paragraph 35 of the Complaint.

36.     Defendant denies the allegations in Paragraph 36 of the Complaint.

37.     Defendant denies the allegations in Paragraph 37 of the Complaint.

38.     Defendant repeats and re-alleges its prior responses as if fully set forth at length.

39.     Defendant denies the allegations in Paragraph 39 of the Complaint.

40.     Defendant denies the allegations in Paragraph 40 of the Complaint.

41.     Defendant repeats and re-alleges its prior responses as if fully set forth at length.

42.     Defendant denies the allegations in Paragraph 42 of the Complaint.

43.     Defendant denies the allegations in Paragraph 43 of the Complaint.

44.     Defendant denies the allegations in Paragraph 44 of the Complaint.

45.     Defendant repeats and re-alleges its prior responses as if fully set forth at length.

46.     Defendant denies the allegations in Paragraph 46 of the Complaint.

47.     Defendant denies the allegations in Paragraph 47 of the Complaint.

48.     Defendant denies the allegations in Paragraph 48 of the Complaint.

49.     Defendant repeats and re-alleges its prior responses as if fully set forth at length.

50.     Defendant denies the allegations in Paragraph 50 of the Complaint.

51.     Defendant denies the allegations in Paragraph 51of the Complaint.

52.     Defendant denies the allegations in Paragraph 52 of the Complaint.

53.     Defendant repeats and re-alleges its prior responses as if fully set forth at length.

54.     Defendant denies the allegations in Paragraph 54 of the Complaint.

55.     Defendant denies the allegations in Paragraph 55 of the Complaint.

56.     Defendant repeats and re-alleges its prior responses as if fully set forth at length.

57.     Defendant denies the allegations in Paragraph 57 of the Complaint.

58.     Defendant repeats and re-alleges its prior responses as if fully set forth at length.

59.     Defendant denies the allegations in Paragraph 59 of the Complaint.

60.     Defendant repeats and re-alleges its prior responses as if fully set forth at length.

61.     Defendant denies the allegations in Paragraph 61 of the Complaint.

62.     Defendant repeats and re-alleges its prior responses as if fully set forth at length.

63.     Defendant denies the allegations in Paragraph 63 of the Complaint.

64.     Defendant denies the allegations in Paragraph 64 of the Complaint.

65.     Defendant denies the allegations in Paragraph 65 of the Complaint.

66.     Defendant denies the allegations in Paragraph 66 of the Complaint.

**AFFIRMATIVE DEFENSES**

Defendant reserves the right to supplement its affirmative defenses as the action proceeds.

//

**FIRST AFFIRMATIVE DEFENSE**
**(Failure to State a Claim)**

67.     The Complaint, on one or more counts set forth therein, fails to state a

claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**
**(Fair Use)**

68.     The claims made in the Complaint are barred, in whole or in part, by the

doctrines of fair use, nominative fair use and/or descriptive use.

**THIRD AFFIRMATIVE DEFENSE**
**(Invalidity of Trademark)**

69.     One or more of the asserted trademark registrations is invalid, or

otherwise unenforceable.

**FOURTH AFFIRMATIVE DEFENSE**
**(Generic and/or Otherwise Unprotectable)**

70.     The claims made in the Complaint are barred, in whole or in part, on the

basis that any marks and use of marks at issue are generic, or otherwise unprotectable

as said marks lack secondary meaning and/or do not serve as source identifiers.

**FIFTH AFFIRMATIVE DEFENSE**
**(Innocent Infringement)**

71.     The claims made in the Complaint are barred, in whole or in part,

because any infringement, if any, was innocent.

//

//

## SIXTH AFFIRMATIVE DEFENSE
### (Statutes of Limitations)

72.     The claims made in the Complaint are barred, in whole or in part, by applicable statutes of limitations.

## SEVENTH AFFIRMATIVE DEFENSE
### (Laches)

73.     The claims made in the Complaint are barred by laches, in that Plaintiff has unreasonably delayed efforts to enforce its rights, if any, despite its full awareness of Defendant's actions.

## EIGHTH AFFIRMATIVE DEFENSE
### (No Protectable Trade Dress)

74.     One or more of the asserted trade dresses are invalid because the alleged designs are generic, and/or have not acquired secondary meaning.

## NINTH AFFIRMATIVE DEFENSE
### (Waiver, Acquiescence, and Estoppel)

75.     Each of the purported claims set forth in this Complaint is barred by the doctrines of waiver, acquiescence, and estoppel.

## TENTH AFFIRMATIVE DEFENSE
### (Non-Infringement)

76.     Defendant has not infringed any applicable trademarks under federal or state law.

//

//

## ELEVENTH AFFIRMATIVE DEFENSE
### (No Causation)

77.    Plaintiff's claims against Defendant are barred because Plaintiff's damages, if any, were not caused by Defendant.

## TWELFTH AFFIRMATIVE DEFENSE
### (No Damage/No Right to Accounting)

78.    Without admitting that the Complaint states a claim, there has been no damage in any amount, manner or at all by reason of any act alleged against Defendant in the Complaint, and the relief prayed for in the Complaint therefore cannot be granted, and Plaintiff is not otherwise entitled to an accounting.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

79.    Upon information and belief, Plaintiff's claims are barred by the doctrine of unclean hands.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Lack of Irreparable Harm)

80.    Plaintiff's claims for injunctive relief are barred because Plaintiff cannot show that it will suffer any irreparable harm from Defendant's actions.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Adequacy of Remedy at Law)

81.    The alleged injury or damage suffered by Plaintiff, if any, would be adequately compensated by damages. Accordingly, Plaintiff has a complete and adequate remedy at law and is not entitled to seek equitable relief.

### SIXTEENTH AFFIRMATIVE DEFENSE
**(Failure to Mitigate)**

82.     The claims made in the Complaint are barred, in whole or in part, because of a failure to mitigate damages, if such damages exist.

### SEVENTEENTH AFFIRMATIVE DEFENSE
**(Not a Famous Mark)**

83.     Defendant cannot be liable for dilution because one or more of the asserted marks is not a famous mark that is distinctive and widely recognized by the general consuming public of the United States as a designation solely of Plaintiff's goods.

### EIGHTEENTH AFFIRMATIVE DEFENSE
**(Duplicative Claims)**

84.     Without admitting that the Complaint states a claim, any remedies are limited to the extent that the Complaint seeks an overlapping or duplicative recovery pursuant to the various claims against Defendant or others for any alleged single wrong.

### NINETEENTH AFFIRMATIVE DEFENSE
**(Fraud)**

85.     Upon information and belief, the claims made in the Complaint are barred, in whole or in part, by Plaintiff's actions which amounted to a fraud on the United States Patent & Trademark Office during the prosecution of the applications that matured into the registrations of the asserted marks.

//

### TWENTIETH AFFIRMATIVE DEFENSE
#### (Third-Party Use)

86.     The claims made in the Complaint are barred, in whole or in part, by reason of other parties' use of any marks at issue.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
#### (Actions of Others)

87.     The claims made in the Complaint are barred, in whole or in part, because Defendant is not liable for the acts of others over whom it has no control.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
#### (No Unfair Competition)

88.     Defendant's acts do not amount to unfair competition, under statutory or common law, because Defendant did not represent its products as originating from Plaintiff and in no other way unfairly competed with Plaintiff.

### TWENTY-THIRD AFFIRMATIVE DEFENSE
#### (Trademark Misuse)

89.     Upon information and belief, Plaintiff's claims amount to trademark misuse.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE
#### (No Punitive Damages)

90.     Defendant alleges that no punitive or exemplary damages should be awarded arising out of the claims made in the Complaint under the law of the United States and California because: (i) an award of punitive or exemplary damages would be unconstitutional under the United States and California Constitutions; specifically,

the First Amendment to the United States Constitution and Article I, Section 2 of the California Constitution; (ii) any recovery of punitive or exemplary damages arising out of the claims made in the Complaint would constitute the imposition of a criminal fine or penalty without the substantive or procedural safeguards guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and by Article I, Section 7 of the California Constitution; (iii) the imposition of any punitive or exemplary damages in this lawsuit would constitute an excessive fine or penalty under Article I, Section 17 of the California Constitution; (iv) any such award is precluded or limited pursuant to Section 3294 of the California Civil Code or the United States Constitution and the due process clause; and (v) punitive damages would violate the United States and California Constitutions and common law because such an award is based from procedures that are vague, open-ended unbound in discretion, arbitrary and without sufficient constraints or protection against arbitrary and excessive awards.

## ADDITIONAL DEFENSES

91.    Defendant reserves the right to assert additional defenses based on information learned or obtained during discovery.

## ANSWER TO PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any relief from Defendant and prays that this Court deny all relief demanded by Plaintiff in the Complaint.

## COUNTERCLAIMS BY DEFENDANT/COUNTERCLAIMANT JOHN HORNBY SKEWES & CO. LTD.

For its Counterclaims against Plaintiff/Counterdefendant Gibson Corporation ("Gibson" or Plaintiff"), Defendant John Hornby Skewes & Co. LTD. (hereinafter "Defendant" or "Counterclaimant" or "JHS") alleges as follows:

### FIRST COUNTERLCLAIM

### CANCELLATION OF U.S. TRADEMARK REGISTRATION NO. 2,215,791

92.    Plaintiff is owner of U.S. Trademark Registration No. 2,215,791 for the two-dimensional body shape for an electric guitar (the "'791 Body Shape").

93.    For decades, countless other manufacturers have manufactured and sold in the United States electric guitars incorporating a body shape identical or substantially similar to the '791 Body Shape.

94.    As a result of the foregoing, the '791 Body Shape is a generic electric guitar body shape and does not function as a source identifier.

95.    Allowing Plaintiff trademark protection, and exclusive use, for the generic '791 Body Shape puts Counterclaimant, and all other guitar manufacturers, at a non-reputational disadvantage.

96.    Allowing continued registration of the generic '791 Body Shape interferes with Counterclaimant's ability to advertise and creates unfair competition.

//

//

## SECOND COUNTERCLAIM

## CANCELLATION OF U.S. TRADEMARK REGISTRATION NO. 2,053,805

97.    Plaintiff is owner of U.S. Trademark Registration No. 2,053,805 for the two-dimensional body shape for an electric guitar (the "'805 Body Shape").

98.    For decades, countless other manufacturers have manufactured and sold in the United States electric guitars incorporating a body shape identical or substantially similar to the '805 Body Shape.

99.    As a result of the foregoing, the '805 Body Shape is a generic electric guitar body shape and does not function as a source identifier.

100.    Allowing Plaintiff trademark protection, and exclusive use, for the generic '805 Body Shape puts Counterclaimant, and all other guitar manufacturers, at a non-reputational disadvantage.

101.    Allowing continued registration of the generic '805 Body Shape interferes with Counterclaimant's ability to advertise and creates unfair competition.

## THIRD COUNTERCLAIM

## CANCELLATION OF U.S. TRADEMARK REGISTRATION NO. 2,007,277

102.    Plaintiff is owner of U.S. Trademark Registration No. 2,007,277 on the Supplemental Register for the two-dimensional body shape for an electric guitar (the "'277 Body Shape").

103.    For decades, countless other manufacturers have manufactured and sold in the United States electric guitars incorporating a body shape identical or

16

substantially similar to the '277 Body Shape.

104. As a result of the foregoing, the '277 Body Shape is a generic electric guitar body shape, does not function as a source identifier and has not acquired secondary meaning for Plaintiff.

105. Allowing Plaintiff trademark protection, and exclusive use, for the generic '277 Body Shape puts Counterclaimant, and all other guitar manufacturers, at a non-reputational disadvantage.

106. Allowing continued registration of the generic '277 Body Shape interferes with Counterclaimant's ability to advertise and creates unfair competition.

## FOURTH COUNTERCLAIM

## CANCELLATION OF U.S. TRADEMARK REGISTRATION NO. 2,051,790

107. Plaintiff is owner of U.S. Trademark Registration No. 2,051,790 for the two-dimensional body shape for an electric guitar (the "'790 Body Shape").

108. For decades, countless other manufacturers have manufactured and sold in the United States electric guitars incorporating a body shape identical or substantially similar to the '790 Body Shape.

109. As a result of the foregoing, the '790 Body Shape is a generic electric guitar body shape and does not function as a source identifier.

110. Allowing Plaintiff trademark protection, and exclusive use, for the generic '790 Body Shape puts Counterclaimant, and all other guitar manufacturers, at a non-reputational disadvantage.

17

111.   Allowing continued registration of the generic '790 Body Shape interferes with Counterclaimant's ability to advertise and creates unfair competition.

### FIFTH COUNTERCLAIM

### CANCELLATION OF U.S. TRADEMARK REGISTRATION NO. 3,976,202

112.   Plaintiff is owner of U.S. Trademark Registration No. 3,976,202 on the Supplemental Register for the two-dimensional shape for the headstock of a guitar (the "'202 Headstock Shape").

113.   For decades, countless other manufacturers have manufactured and sold in the United States guitars incorporating a headstock identical or substantially similar to the '202 Headstock Shape.

114.   As a result of the foregoing, the '202 Headstock Shape is a generic shape for the headstock of a guitar, does not function as a source identifier and has not acquired secondary meaning for Plaintiff.

115.   Allowing Plaintiff trademark protection, and exclusive use, for the generic '202 Headstock Shape puts Counterclaimant, and all other guitar manufacturers, at a non-reputational disadvantage.

116.   Allowing continued registration of the generic '202 Headstock Shape interferes with Counterclaimant's ability to advertise and creates unfair competition.

### SIXTH COUNTERCLAIM

### CANCELLATION OF U.S. TRADEMARK REGISTRATION NO. 1,567,052

117.   Plaintiff is owner of U.S. Trademark Registration No. 1,567,052 for the

two-dimensional shape for the headstock of a guitar (the "'052 Headstock Shape").

118.   For decades, countless other manufacturers have manufactured and sold in the United States guitars incorporating a headstock identical or substantially similar to the '052 Headstock Shape.

119.   As a result of the foregoing, the '052 Headstock Shape is a generic shape for the headstock of a guitar and does not function as a source identifier.

120.   Allowing Plaintiff trademark protection, and exclusive use, for the generic '052 Headstock Shape puts Counterclaimant, and all other guitar manufacturers, at a non-reputational disadvantage.

121.   Allowing continued registration of the generic '502 Headstock Shape interferes with Counterclaimant's ability to advertise and creates unfair competition.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant and Counterclaimant JOHN HORNBY SKEWES & CO. LTD. prays for judgment as follows:

A.      That Plaintiff take nothing by way of the Complaint;

B.      That the Complaint, and each and every purported claim for relief therein, be dismissed with prejudice;

C.      Cancellation of U.S. Trademark Registration Nos. 2,215,791, 2,053,805, 2,007,277, 2,051,790, 3,976,202 and 1,567,052;

D.      That Defendant/Counterclaimant be awarded costs of suit incurred herein, including attorneys' fees and expenses; and

E.        For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Defendant demands trial by jury on all issues so triable.

Dated:  May 30, 2014                    BUCHE AND ASSOCIATES, P.C.

By: */s/ John K. Buche*
    John K. Buche (Bar No. 239477)
    jbuche@buchelaw.com
    Lindsay D. Molnar (Bar. No. 275156)
    lmolnar@buchelaw.com
    BUCHE AND ASSOCIATES, P.C.
    9100 Wilshire Blvd., Suite 445 East Tower
    Beverly Hills, California 90212
    (858) 459-9111
    (858) 459–9120 fax


    BIENSTOCK & MICHAEL, P.C.

    Ronald S. Bienstock (*Pro Hac Vice
    forthcoming*)
    rbienstock@musicesq.com
    Brent M. Davis (*Pro Hac Vice
    forthcoming*)
    bdavis@musicesq.com
    411 Hackensack Ave., 7th Floor
    Hackensack, NJ 07601
    (201) 525–0300
    (201) 525–0133 fax

    Attorneys for Defendant
    JOHN HORNBY SKEWES & CO. LTD.

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copies of **DEFENDANT JOHN HORNBY SKEWES & CO. LTD.'S ANSWER AND COUNTERCLAIMS** has been served on this date to all counsel of record, if any to date, who are deemed to have consented to electronic service via the Court's CM/ECF system pursuant to L.R. 5-3.2.2. Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery upon their appearance in this matter.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct. Executed this 30th day of May, 2014 at Beverly Hills, California.


Date:  May 30, 2014                    BUCHE AND ASSOCIATES, P.C.

                                       By: */s/ Lindsay D. Molnar*
                                           Lindsay D. Molnar (Bar No. 275156)

21