O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

GIBSON BRANDS, INC., a            )   Case No. CV 14-00609 DDP (SSx)
Delaware corporation,             )
                                  )   **ORDER GRANTING PLAINTIFF'S MOTION**
              Plaintiff,          )   **TO STRIKE/DISMISS DEFENDANT'S**
                                  )   **AFFIRMATIVE DEFENSES AND**
      v.                          )   **COUNTERCLAIMS**
                                  )
JOHN HORNBY SKEWES & CO.          )   [Dkt. No. 25]
LTD., AND DOES 1 THROUGH 10,      )
                                  )
              Defendant.          )
_____   )

        Presently before the court is Plaintiff Gibson Brands, Inc.
("Plaintiff")'s Motion to Strike/Dismiss Defendant's Affirmative
Defenses and Counterclaims. (Dkt. No. 25.) The matter is fully
briefed and suitable for decision without oral argument. Having
considered the parties' submissions, the court adopts the following
order.

I.   **Background**

        On January 27, 2014, Plaintiff filed its Complaint against
Defendant John Hornby Skewes & Co. Ltd. ("Defendant"), alleging
trademark infringement, trade dress infringement, trademark

1   counterfeiting, unfair competition, trademark dilution, and other
2   related causes of action under federal, state, and common law.
3   (Complaint ¶ 2.)

4        In its Complaint, Plaintiff asserts that it is the sole owner
5   of six distinctive guitar body design trademarks: (1) "SG Body
6   Shape Design," (2) "Explorer Body Shape Design," (3) "ES Body Shape
7   Design," (4) "Flying V Body Shape Design," (5) "Flying V Peghead
8   Design," and (6) "Kramer Peghead Design." (Id. ¶¶ 10-15.) It
9   alleges that the first, second, fourth, and sixth trademarks are
10  incontestable pursuant to Section 15 of the Lanham Act (15 U.S.C. §
11  1065). (Id. ¶ 19.) Plaintiff additionally alleges that it has, for
12  over fifty years, spent millions of dollars marketing and promoting
13  its products which exclusively bear these trademarks. (Id.) As a
14  result of the quality of Plaintiff's products and "the extensive
15  sales, licensing and marketing, advertising and promotion of these
16  products under the Gibson Trademarks," the products have become
17  famous trademarks that "are widely and favorably known by consumers
18  in the United States and elsewhere . . . ." (Id. ¶ 17.)

19       Plaintiff alleges that Defendant, a United Kingdom
20  corporation, offers for sale, sells, and distributes in the United
21  States "unauthorized products" using Plaintiff's six trademarks.
22  (Id. ¶ 20.) Defendant allegedly sells the unauthorized products
23  through its exclusive U.S. distributor LPD Music International
24  Corporation and its related distributors and resellers. (Id.)
25  Plaintiff further alleges that Defendant has made repeated use of
26  the Gibson Trademarks by utilizing them in advertising and
27  promotional materials for the unauthorized products "with the
28  intent to mislead and confuse" consumers into believing that

2

1  Defendant's products are made directly by Plaintiff and "with the
2  intent of misappropriating, for [Defendant's] own benefit, the
3  tremendous goodwill built up by [Plaintiff]" in the six disputed
4  trademarks. (Id. ¶ 21.) According to Plaintiff, Defendant's actions
5  violate the Lanham Act, the California Business and Professions
6  Code, and the common law. (Id. ¶¶ 34-66.)

7      On May 30, 2014, Defendant filed an Answer to Plaintiff's
8  Complaint, asserting twenty-four affirmative defenses and six
9  counterclaims. (Dkt. No. 19.) Plaintiff now moves to strike
10  twenty-one of the affirmative defenses and dismiss all six of the
11  counterclaims.

12      The court addresses whether the denoted affirmative defenses
13  and counterclaims should be stricken in turn.

14

15  **II.  Affirmative Defenses**
16  **A.   Legal Standard**

17      Federal Rule of Civil Procedure 12(f) provides that a court
18  "may order stricken from any pleading any insufficient defense or
19  any redundant, immaterial, impertinent, or scandalous matter." Fed.
20  R. Civ. P. 12(f). "To show that a defense is 'insufficient,' the
21  moving party must demonstrate that there are no questions of fact,
22  that any questions of law are clear and not in dispute, and that
23  under no set of circumstances could the defense succeed." Cal.
24  Dep't of Toxic Substances Control v. Alco Pac., Inc., 217 F. Supp.
25  2d 1028, 1032 (C.D. Cal. 2002). To be immaterial or impertinent,
26  the challenged material must have "no possible bearing on the
27  controversy." Employers Ins. v. Musick, Peeler & Garrett, 871 F.
28  Supp. 381, 391 (S.D. Cal. 1994).

In considering a motion to strike, the court views the pleadings in the light most favorable to the non-moving party. See In re 2TheMart.com Secs. Litig., 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000)). Thus, in determining whether to grant a motion to strike a defense, "a district court . . . resolves any doubt as to the . . . sufficiency of a defense in defendant's favor." Mag Instrument, Inc. v. JS Products, Inc., 595 F. Supp. 2d 1102, 1106 (C.D. Cal. 2008) (citing State of Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc., 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002). Grounds for a motion to strike must be readily apparent from the face of the pleadings or from materials that may be judicially noticed. Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1528 (9th Cir. 1993) rev'd on other grounds, 510 U.S. 517 (1994).

While motions to strike are generally regarded with disfavor, "where [a] motion [to strike] may have the effect of making the trial of the action less complicated, or have the effect of otherwise streamlining the ultimate resolution of the action, the motion to strike will be well taken." California v. United States, 512 F. Supp. 36, 38 (N.D. Cal. 1981). This is because the purpose of Rule 12(f) is "to avoid the expenditure of time and money that must arise from litigating spurious issues by disposing of those issues prior to trial . . . ." Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 973 (9th Cir. 2010) (quoting Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983)). Thus, courts have found motions to strike to be proper even when their only purpose is to make the issues less complicated. See Ganley v. Cnty. of San Mateo, 2007 WL 902551, at * 1 (N.D. Cal. Mar. 22, 2007).

**B.    Discussion**

Plaintiff moves to strike as insufficient and/or immaterial Defendant's affirmative defenses 1-15, 17, and 19-23. In its Motion, Plaintiff separates these defenses into three general categories: (1) defenses that are not affirmative defenses; (2) defenses that are factually insufficient; and (3) defenses that are immaterial and/or redundant. The court addresses the defenses accordingly.

**1.    Defenses that Are Not Affirmative Defenses**

Plaintiff moves to strike Defendant's affirmative defenses 1, 5, 10, 11, 12, 14, 15, 17, 21, and 22 on the ground that they are not actually affirmative defenses under Federal Rule of Civil Procedure 8(c). "Affirmative defenses plead matters extraneous to the plaintiff's prima facie case, which deny plaintiff's right to recover, even if the allegations of the complaint are true." Fed. Deposit Ins. Corp. v. Main Hurdman, 655 F. Supp. 259, 262 (E.D. Cal. 1987). This court has held that "a defense is an affirmative defense if it will defeat the plaintiff's claim even where the plaintiff has stated a prima facie case for recovery under the applicable law." Quintana v. Baca, 233 F.R.D. 562, 564 (C.D. Cal. 2005). "A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense." Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1088 (9th Cir. 2002).

**Affirmative Defense 1**

Plaintiff asks the court to strike Defendant's first affirmative, which alleges that Plaintiff's Complaint "fails to state a claim upon which relief can be granted." (Answer ¶ 67.) Plaintiff asserts that "[f]ailure to state a claim is not an

affirmative defense but rather a Federal Rule of Civil Procedure 12(b)(6) attack claiming the Complaint fails to plead sufficient factual matter to state a claim to relief that is plausible." (Motion at 7:5-9.)

The court agrees with Plaintiff that this defense is not an affirmative defense. A claim that "directly attacks the merits of the plaintiff's claim" is not an affirmative defense subject to the requirements of Rule 8(c). <u>Quintana</u>, 233 F.R.D. at 564 (striking defendant's affirmative defense that alleged plaintiff's complaint failed to state a cause of action). Accordingly, the court strikes Defendant's first affirmative defense. Because this affirmative defense is insufficient as a matter of law, Defendant will not be granted leave to amend.

### Affirmative Defenses 5, 10, 11, 12, 14, 15, 17, 21, 22

Plaintiff additionally moves to strike affirmatives defenses five, ten, eleven, twelve, fourteen, fifteen, seventeen, twenty-one and twenty-two on the ground that they merely deny liability by attempting to negate an element of Plaintiff's prima facie case. (Mot. at 6:10-21.)

Defendant's fifth affirmative defense asserts that any infringement was "innocent." (Ans. ¶ 71.) Defendant's tenth affirmative defense states Defendant "has not infringed any applicable trademarks." (<u>Id.</u> ¶ 76.) Defendant's eleventh affirmative defense states Defendant did not cause damage to Plaintiff. (<u>Id.</u> ¶ 77.) Defendant's twelfth affirmative defense states there has been no damage and Plaintiff is not otherwise entitled to accounting. (<u>Id.</u> ¶ 78.) Defendant's fourteenth affirmative defense states Plaintiff cannot show irreparable harm.

1   (Id. ¶ 80.) Defendant's fifteenth affirmative defense states
2   Plaintiff is not entitled to seek equitable relief because it has a
3   complete and adequate remedy at law. (Id. ¶ 81.) Defendant's
4   seventeenth affirmative defense states one or more of the asserted
5   marks is not famous. (Id. ¶ 83.) Defendant's twenty-first
6   affirmative defense asserts Defendant is not liable for the acts of
7   others over whom it has no control. (Id. ¶ 87.) Defendant's
8   twenty-second affirmative defense asserts Defendant did not
9   unfairly compete with Plaintiff. (Id. ¶ 88.)

10      The court agrees with Plaintiff that defenses 5, 10, 11, 14,
11  17, 21, and 22 are not defenses to liability but, rather, attempts
12  to negate Plaintiff's prima facie case and deny Plaintiff's right
13  to damages. If the allegations in Plaintiff's Complaint were found
14  to be true and Plaintiff were able to establish its prima facie
15  case, this scenario would necessarily preclude Defendant's contrary
16  assertions that, for example, the infringement was "innocent," that
17  Defendant did not cause Plaintiff's damages, or that the marks were
18  not famous. In other words, the defenses are not independent bases
19  to deny recovery. These defenses are not, therefore, affirmative
20  defenses.

21      The court disagrees with Plaintiff that the fifteenth defense,
22  "Adequacy of Remedy at Law," is not an affirmative defense. Even
23  assuming all of Plaintiff's allegations were true, Plaintiff could
24  conceivably be denied the right to recovery if it had no right to
25  seek equitable relief in the first place. However, Plaintiff is
26  correct that Defendant has not provided an adequate factual basis
27  to support this affirmative defense in its Answer and the defense
28  should therefore be stricken. Unlike the other defenses in this

1  category, however, the fifteenth affirmative defense is not fatally
2  flawed.

3       The court, accordingly, strikes defenses 5, 10, 11, 12, 14,
4  17, 21, and 22 without leave to amend. The court strikes defense
5  15, but grants Defendant leave to amend.

6  **2.   Defenses that are Factually Insufficient**

7            <u>**Affirmative Defenses 2, 6, 7, 9, 13, 23**</u>

8       Plaintiff moves to strike affirmative defenses two, six,
9  seven, nine, thirteen, and twenty-three on the ground that they
10  "fail to provide notice to Gibson as to what the defense entails or
11  fail[] to plead sufficient facts to make the defense plausible on
12  its face." (Mot. at 9:22-24.)

13       "Motions to strike can . . . be used to challenge
14  affirmative defenses as insufficiently pleaded." <u>Miller v.</u>
15  <u>Ghirardelli Chocolate Co.</u>, 2013 WL 3153388, at *3 (N.D. Cal. June
16  19, 2013). Neither the Ninth Circuit nor the Supreme Court has
17  directly addressed the question of whether the heightened pleading
18  standard of <u>Twombly</u> and <u>Iqbal</u> apply to affirmative defenses.
19  However, "[t]he majority of district courts in this [Ninth]
20  Circuit, including the entire Northern District . . . [have]
21  consistently applied <u>Twombly</u> and <u>Iqbal</u> to both claims and
22  affirmative defenses," requiring a defendant to allege enough facts
23  to state a claim to relief that is plausible on its face. <u>Vogel v.</u>
24  <u>Huntington Oaks Del. Partners, LLC</u>, 291 F.R.D. 438, 440 (C.D. Cal.
25  2013); <u>see also</u> <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 547
26  (2007).[1] This approach serves to "weed out the boilerplate listing
27
28       [1] In <u>Vogel</u>, the court explained: "Framing the issue as a
                                                    (continued...)

8

of affirmative defenses which is commonplace in most defendant's

pleadings." <u>Miller</u>, 2013 WL 3153388, at *3 (quoting <u>Barnes v. AT &</u>

<u>T Pension Ben. Plan–Nonbargained Program</u>, 718 F.Supp.2d 1167, 1172

(N.D. Cal. 2010).) "In other words, the simple listing of a series

of conclusory statements asserting the existence of an affirmative

defense without stating a reason why that affirmative defense might

exist is not sufficient." <u>Id.</u>

Here, the affirmative defenses at issue are insufficiently

pleaded because they amount to "conclusory statements asserting the

existence of an affirmative defense" with no explanation as to why

they are applicable. <u>Miller</u>, 2013 WL 3153388, at *3. For example,

Defendant's second affirmative defense states: "The claims made in

the Complaint are barred, in whole or in part, by the doctrines of

fair use, nominative fair use and/or descriptive use." (Ans. ¶ 68.)

Defendant, however, fails to state which of these doctrines are

applicable to what claims and how or why Defendant's alleged use of

Plaintiff's trademarks was fair use, nominative fair use, and/or

descriptive use.

Similarly, Defendant's sixth affirmative defense states only:

"The claims made in the Complaint are barred, in whole or in part,

by applicable statutes of limitations." (<u>Id.</u> ¶ 72.) Defendant does

not state what statute(s) of limitations apply to the case, how

long the limitation period(s) are, and to which claims such

---

[1](...continued)
choice between <u>Twombly</u>'s plausibility standard and [<u>Wyshak v. City</u>
<u>Nat. Bank</u>, 607 F.2d 824 (9th Cir. 1979)]'s fair-notice standard is
misleading, because <u>Twombly</u> merely revised the fair-notice standard
[set forth in <u>Conley v. Gibson</u>, 78 S.Ct. 99 (1957)] on which <u>Wyshak</u>
is based. In <u>Wyshak</u>, the Ninth Circuit adopted the prevailing
fair-notice standard for pleading complaints and applied it to
affirmative defenses." <u>Vogel</u>, 291 F.R.D. at 440.

limitations would apply. Likewise, Defendant's seventh affirmative defense states: "The claims made in the Complaint are barred by laches, in that Plaintiff has unreasonably delayed efforts to enforce its rights, if any, despite its full awareness of Defendant's actions." (Id. ¶ 73.) Again, Defendant fails to state to which claims laches apply and the length or nature of the alleged unreasonable delay.

Defendant's ninth affirmative defense states, "Each of the purported claims set forth in this Complaint is barred by the doctrines of waiver, acquiescence, and estoppel." (Id. ¶ 75.) Defendant's thirteenth affirmative defense states: "Upon information and belief, Plaintiff's claims are barred by the doctrine of unclean hands." (Id. ¶ 79.) Defendant's twenty-third affirmative defense states, "Upon information and belief, Plaintiff's claims amount to trademark misuse." (Id. ¶ 89.) Defendant provides no factual support for any of these defenses nor explains how they relate to the allegations in the Complaint.

Moreover, Plaintiff is correct that defenses thirteen and twenty-three are duplicative because "unclean hands" and "trademark misuse" are the same affirmative defense. See J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition, § 31:44 (4th ed. 2014). Defendant, therefore, cannot claim these defenses separately.

Because none of these affirmative defenses provide sufficient factual support to satisfy the requirement of plausibility, the court strikes defenses 2, 6, 7, 9, 13, and 23. However, as Defendant has pled only bare conclusions, the court cannot determine that these affirmative defenses are insufficient as a

1  matter of law. Defendant, therefore, is granted leave to amend its

2  Answer.

3  **Affirmative Defense 19**

4       Plaintiff additionally moves to strike Defendant's nineteenth

5  defense, which states: "Upon information and belief, the claims

6  made in the complaint are barred, in whole or in part, by

7  Plaintiff's actions which amounted to a fraud on the United States

8  Patent & Trademark Office during the prosecution of the

9  applications that matured into the registrations of the asserted

10 marks." (Ans. ¶ 85.) Plaintiff asserts that this defense fails to

11 meet the heightened fraud pleading standard of Federal Rule of

12 Civil Procedure 9(b). (Mot. at 14:16-17.)

13      The court agrees. "In alleging fraud or mistake, a party must

14 state with particularity the circumstances constituting fraud or

15 mistake." Fed. R. Civ. P. 9(b). "Particularity" means that fraud

16 allegations must be accompanied by "the who, what, when, where, and

17 how" of the misconduct charged. Vess v. Ciba-Geigy Corp. USA, 317

18 F.3d 1097, 1103-06 (9th Cir. 2003). "Allegations under Rule 9(b)

19 must be stated with 'specificity including an account of the time,

20 place, and specific content of the false representations as well as

21 the identities of the parties to the misrepresentations.'" Forever

22 21, Inc. v. Nat'l Stores Inc., 2014 WL 722030, at *3 (C.D. Cal.

23 Feb. 24, 2014) (quoting Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th

24 Cir.2007)). This elevated pleading standard applies to affirmative

25 defenses. See, e.g., Chiron Corp. v. Abbott Labs, 156 F.R.D. 219,

26 220 (N.D. Cal. 1994) (finding that "[f]raud defenses . . . are also

27 governed by Rule 9(b)").

28

1   Whether or not this court applies the heightened Rule 9(b)

2   standard, Defendant's affirmative defense is not sufficiently pled.

3   Not only does Defendant neglect to state "the who, what, when,

4   where, and how" of the purported fraud (see Vess, 317 F.3d at

5   1103-06), Defendant's conclusory assertion provides neither the

6   "nature" nor the "grounds" for the fraud such that Plaintiff would

7   have fair notice of the defense. See Koehler, 291 F.R.D. at 468.

8   The court, therefore, strikes the nineteenth affirmative

9   defense with leave to amend.

10  **3.    Defenses that are Immaterial and/or Redundant**

11  <u>**Affirmative Defenses 3, 4, 8, 20**</u>

12  Plaintiff moves to strike defenses three, four, eight, and

13  twenty on the ground that they are immaterial and/or redundant. "To

14  the extent that [the defendant] restates negative defenses that

15  exist in other parts of the complaint, those defenses are redundant

16  pursuant to Rule 12(f) and should be struck so as to simplify and

17  streamline the litigation." <u>Barnes</u>, 718 F. Supp. 2d at 1174; <u>see</u>

18  <u>also</u> <u>Vogel v. OM ABS, Inc.</u>, 2014 WL 340662, at *5 (C.D. Cal. Jan.

19  30, 2014)(granting plaintiff's motion to strike affirmative

20  defenses without leave to amend because the affirmative defenses

21  and denials in defendant's answer were redundant). A matter is

22  "immaterial" if it "has no essential or important relationship to

23  the claim for relief or the defenses being pleaded." <u>Fantasy, Inc.</u>,

24  984 F.2d at 1527.

25  The court agrees with Plaintiff that Defendant's fourth,

26  eighth, and twentieth affirmative defenses are redundant.

27  Defendants fourth affirmative defense states that Plaintiff's

28  claims are barred "on the basis that any marks and use of marks at

12

issue are generic, or otherwise unprotectable as said marks lack
secondary meaning and/or do not serve as source identifiers." (Ans.
¶ 70.) This defense repeats the denials in paragraphs 10-15 of
Defendant's Answer and is, therefore, redundant. (See id. ¶¶
10-15.) Defendant's eighth affirmative defense states: "One or more
of the asserted trade dresses are invalid because the alleged
designs are generic, and/or have not acquired secondary meaning.
(Id. ¶ 74.) This defense repeats the denials in paragraphs 54-55 of
the Answer and is also redundant. (See id. ¶¶ 54-55.) Finally,
Defendant's twentieth affirmative defense states: "The claims made
in the Complaint are barred, in whole or in part, by reason of
other parties' use of any marks at issue." (Id. ¶ 86.) This defense
repeats Defendant's denials in paragraphs 10-15 of the Answer and
is, thus, redundant. (See id. ¶¶ 10-15.) As such, the court grants
Plaintiff's Motion to Strike defenses four, eight, and twenty,
without leave to amend.

As to the Defendant's third affirmative defense, the court
cannot determine with certainty whether it is redundant or
immaterial. The third affirmative defense states only: "One or more
of the asserted trademark registrations is invalid, or otherwise
unenforceable." (Id. ¶ 69.) Although Defendant may conceivably
raise invalidity as an affirmative defense, Defendant fails to
adequately plead this defense in its Answer. Defendant does not
specify which trademarks are at issue or on what basis they are
"invalid, or otherwise unenforceable." Therefore, the court strikes
the third affirmative defense but grants Defendant leave to amend.

**4.    Defenses Not at Issue**

## Affirmative Defenses 16, 18, 24

Defendant's sixteenth, eighteenth, and twenty-fourth affirmative defenses are not at issue. Thus, Defendant may raise these defenses as affirmative defenses.

Defendant argues that striking the disputed affirmative defenses--even if they are insufficient--"will not remove these issues from the case" nor accomplish anything "in terms of streamlining the case." (Opp. at 3:6-12.) However, allowing Defendant's non-affirmative defenses, insufficiently pleaded defenses, and redundant defenses to stand would inevitably make the litigation more expensive, more complicated, and waste judicial resources. Moreover, Defendant is not precluded from raising its non-affirmative defenses during the course of the litigation.

**III. Counterclaims**

**A.    Legal Standard**

A complaint will survive a motion to dismiss when it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). When considering a Rule 12(b)(6) motion, a court must "accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000). "When there are well-pleaded factual allegations, a court should assume their veracity

1  and then determine whether they plausibly give rise to an

2  entitlement of relief." <u>Iqbal</u>, 556 U.S. at 679.

3      Conclusory allegations or allegations that are no more than a

4  statement of a legal conclusion "are not entitled to the assumption

5  of truth." <u>Iqbal</u>, 556 U.S. at 679. In other words, a pleading that

6  merely offers "labels and conclusions," a "formulaic recitation of

7  the elements," or "naked assertions" will not be sufficient to

8  state a claim upon which relief can be granted. <u>Id.</u> at 678.

9  (Citations and internal quotation marks omitted). "[T]o be entitled

10  to the presumption of truth, allegations in a . . . counterclaim

11  may not simply recite the elements of a cause of action, but must

12  contain sufficient allegations of underlying facts to give fair

13  notice and to enable the opposing party to defend itself

14  effectively." <u>Starr v. Baca</u>, 652 F.3d 1202, 1216 (9th Cir. 2011).

15  Moreover, "[t]he factual allegations that are taken as true must

16  plausibly suggest an entitlement to relief, such that it is not

17  unfair to require the opposing party to be subjected to the expense

18  of discovery and continued litigation." <u>Id.</u>

19  **B.  Discussion**

20      Plaintiff seeks dismissal of Defendant's counterclaims 1

21  through 6. In these counterclaims, Defendant contends that each of

22  the six disputed guitar body designs is a generic shape used

23  throughout the industry and should not, therefore, be afforded

24  trademark protection. (<u>See</u> Ans. ¶¶ 92-121.) Plaintiff, however,

25  argues that Defendant's counterclaims should be dismissed on the

26  ground that they do not contain sufficient allegations of

27  underlying facts to plausibly state a claim to relief. (<u>See</u> Mot. at

28  17, 20-21.)

The Lanham Act provides that any person "who believes that he is or will be damaged" by the registration of a trademark on the principal register may file a petition to cancel the mark's registration. 15 U.S.C. § 1064. The party seeking cancellation must prove two elements: "(1) that it has standing; and (2) that there are valid grounds for canceling the registration." Cunningham v. Laser Golf Corp., 222 F.3d 943, 945 (Fed. Cir. 2000).

One valid ground for cancellation is when a mark "becomes the generic name for the goods or services, or a portion thereof." 15 U.S.C. § 1064(3). Cases addressing product design suggest that "genericness" covers three situations: (1) if the definition of a product design is overbroad or too generalized; (2) if a product design is the basic form of a type of product; or (3) if the product design is so common in the industry that it cannot be said to identify a proper source. Walker Zanger, Inc. v. Paragon Indus., Inc., 549 F. Supp. 2d 1168, 1174 (N.D. Cal. 2007). "Competitors may use a term that was once distinctive if it has become generic over time." Yellow Cab Co. of Sacramento v. Yellow Cab of Elk Grove, Inc., 419 F.3d 925, 928 (9th Cir. 2005). "The crucial date for the determination of genericness is the date on which the alleged infringer entered the market with the disputed mark or term." Id.

Moreover, a registered mark that has been in continuous use for five consecutive years and is still in use in commerce can become incontestable. 15 U.S.C. § 1065. Once a mark has become "incontestable," "registration shall be conclusive evidence of the registrant's exclusive right to use the registered mark." See Park 'N Fly, Inc. v. Dollar Park and Fly, Inc., 469 U.S. 189, 196 (1985). The Lanham Act's incontestability provisions "provide a

16

means for the registrant to quiet title in the ownership of his mark." <u>Id.</u> at 198. An uncontestable mark may, however, be canceled "at any time" if it "becomes the generic name for the goods or services, or a portion thereof, for which it is registered, or is functional, or has been abandoned [or obtained fraudulently]. . . . " 15 U.S.C. § 1064(3).

In its six counterclaims, Defendant asserts that Plaintiff's disputed trademarks--including the four designs that have attained incontestable status--should be canceled because they are generic. The counterclaims, however, all fail to plausibly state a claim for genericness. In each of the counterclaims, Defendants merely assert: "For decades, countless other manufacturers have manufactured and sold in the United States electric guitars incorporating a body shape identical or substantially similar to [the disputed guitar body design]." (Ans. ¶¶ 93, 98, 103, 108, 113, 118.) From this assertion, Defendant then concludes, "[a]s a result of the foregoing, [the disputed guitar body design] is a generic electric guitar shape" and "does not function as a source identifier." (<u>Id.</u> ¶¶ 94, 99, 104, 109, 114, 119.)

Defendant does not, however, name any of the "countless other manufacturers" who have manufactured or sold guitars with "identical or substantially similar" body designs. As Plaintiff points out, these "other manufacturers" could be Gibson licensees or subsidiaries, which would defeat Defendant's assertion that the marks have attained "generic" status. Nor does Defendant specify the time period or "decades" during which the purported similar guitars were "manufactured and sold." This information is necessary to state a plausible claim for a generic mark because Defendant

17

must show that the allegedly similar and/or identical guitars were being sold at the date when Defendant "entered the market with the disputed mark or term." See Yellow Cab, 419 F.3d at 928. Defendant's counterclaims, thus, fall short of plausibly stating a claim for relief.

The court, accordingly, grants Plaintiff's Motion to Dismiss counterclaims one through six. Defendant is granted leave to amend its Answer as to each of these claims.

**IV.   Conclusion**

For the reasons set forth herein, Plaintiff's Motion to Strike/Dismiss Defendant's affirmative defenses and counterclaims is GRANTED. Accordingly, it is HEREBY ORDERED that:

1.   Defendant's affirmative defenses 1, 4, 5, 8, 10, 11, 12, 14, 17, 20, 21, and 22 are STRICKEN WITHOUT LEAVE TO AMEND;

2.   Defendant's affirmative defenses 2, 3, 6, 7, 9, 13, 15, 19, and 23 are STRICKEN WITH LEAVE TO AMEND;

3.   Defendant's counterclaims 1-6 are DISMISSED WITH LEAVE TO AMEND;

4.   Any amended affirmative defenses and counterclaims must be filed within 14 days of the date of this Order; and

5.   If Defendant does not elect to amend the affirmative defenses and counterclaims, the Answer filed on January 27, 2014, shall be deemed the operative answering pleading, but all the affirmative defenses and counterclaims therein are stricken.

IT IS SO ORDERED.

Dated: August 22, 2014

DEAN D. PREGERSON
United States District Judge