1  Amanda L. Groves (SBN: 187216)
   Attorney Email: agroves@winston.com
2  Sean D. Meenan (SBN: 260466)
   Attorney Email: smeenan@winston.com
3  WINSTON & STRAWN LLP
   101 California Street
4  San Francisco, CA 94111-5802
   Telephone:  (415) 591-1000
5  Facsimile:   (415) 591-1400

6
7  Attorneys for Third-Party Defendant
   BANK OF AMERICA

8

9              UNITED STATES DISTRICT COURT

10    CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

11

12  GIBSON BRANDS, INC., a Delaware        ) Case No. 2:14-cv-00609-DDP-SS
    corporation,                           )
13                                         ) **THIRD-PARTY DEFENDANT BANK**
              Plaintiff,                   ) **OF AMERICA'S MOTION TO**
14                                         ) **DISMISS FIRST AMENDED**
         v.                                ) **COUNTERCLAIMS AND THIRD**
15                                         ) **PARTY COMPLAINT;**
    JOHN HORNBY SKEWES & CO.               ) **MEMORANDUM OF POINTS AND**
16  LTD., a United Kingdom Corporation;    ) **AUTHORITIES**
    and DOES 1 through 10,                 )
17                                         ) Complaint filed:
              Defendants.                  ) Jan. 27, 2014
18                                         )
                                           ) Third-Party Complaint filed:
19                                         ) Sept. 5, 2014
    _____       )
20                                         ) Hearing Date:  December 8, 2014
                                           ) Time:  10:00 a.m.
21  JOHN HORNBY SKEWES & CO. LTD,          ) Courtroom: 3
    a United Kingdom Corporation,          )
22                                         ) Judge:  Hon. Dean D. Pregerson
              Plaintiff,                   )
23                                         )
         v.                                )
24                                         )
    BANK OF AMERICA, a Delaware            )
25  corporation,                           )
                                           )
26            Defendant.                   )
    _____       )
27

28

**THIRD-PARTY DEFENDANT'S MOTION TO DISMISS THIRD PARTY COMPLAINT;**
**MEMORANDUM OF POINTS AND AUTHORITIES**
**CASE NO. 2:14-CV-00609-DPP-SS**

Winston & Strawn LLP
101 California Street
San Francisco, California 94111

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, on December 8, 2014, at 10:00 a.m., or as soon thereafter as counsel may be heard in the courtroom of the Honorable Dean D. Pregerson, United States District Judge, Central District of California, located at the United States Courthouse, 312 North Spring Street, Courtroom 3, Los Angeles, California 90012-4701, Third-Party Defendant Bank of America ("BofA") will and does hereby move for an Order dismissing Defendant John Hornby Skewes & Co. Ltd.'s ("JHS") First Amended Counterclaims and Third-Party Complaint (ECF No. 30) with prejudice, for failure to plead sufficient factual matter to state a claim to relief.

This Motion is based on this Notice of Motion; BofA's Memorandum of Points and Authorities; the Declaration of Amanda L. Groves and all exhibits thereto and Motion; BofA's Request for Judicial Notice and the documents BofA requests to be judicially noticed; the Court file; any reply BofA may make; and any further argument as may be presented to the Court prior to or at the hearing on this motion, or subsequent thereto as permitted by the Court.

This motion is made following correspondence with counsel pursuant to Local Rule 7-3 on numerous dates, including but not limited to, September 30, 2014 and October 1, 2014.

Dated:  October 24, 2014          WINSTON & STRAWN LLP


                                  By:  /s/ Amanda L. Groves
                                       Amanda L. Groves
                                       Attorneys for Third-Party Defendant
                                       BANK OF AMERICA

-i-

**THIRD-PARTY DEFENDANT'S MOTION TO DISMISS THIRD PARTY COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO. 2:14-CV-00609-DPP-SS**

Winston & Strawn LLP
101 California Street
San Francisco, California 94111

1

## MEMORANDUM OF POINTES AND AUTHORITIES

2

## I.    PRELIMINARY STATEMENT

3

4

5

6

7

8

9

This action involves a trademark dispute between two entities:  Gibson Brands, Inc. ("Gibson") and John Hornby Skewes & Co. Ltd. ("JHS").  For nearly nine months, those parties have been litigating this case, with Gibson asserting claims of trademark infringement, and JHS asserting counterclaims of trademark cancellation. Following this Court's dismissal of JHS' counterclaims — and without leave to add new parties — JHS nonetheless named Bank of America ("BofA") as a Third-Party Defendant.

10

11

12

13

14

15

JHS's counterclaims against BofA are a model for how *not* to plead a claim under *Iqbal and Twombly*.  As part of a formulaic recitation of the claims' elements, JHS baldly asserts that "BOA is the owner of the [disputed] Registration[s]."  TPC ¶¶ 7, 25, 47, 70, 107.  Notably absent from the Third-Party Complaint is a single factual allegation to support this conclusion– although JHS has acknowledged that establishing BofA's ownership is a necessary predicate to JHS's claims.

16

17

18

19

20

21

22

23

24

25

Specifically, in response to Gibson's Motion to Dismiss/Strike JHS' latest set of counterclaims, JHS sought judicial notice of what it claimed was factual underpinning for its bare conclusion of BofA's ownership: screenshots from the USPTO website dated September 29, 2014 and listing BofA as owner.   Opp. to Motion to Strike/Dismiss, ECF No. 50 at 6:5-11 (*citing* ECF No. 50-2).  JHS also sought judicial notice of the assignment records on the USPTO website – but those unambiguously establish BofA does not, and never has, owned the marks.  Opp. to Motion to Strike/Dismiss, ECF No. 50 at 6:16-7:14 (*citing* ECF No. 50-2 to 50-5).  As set forth in Exhibit A hereto, the current USPTO website has corrected what was obviously a clerical error.[1]  Inexplicably, JHS continues to insist it can drag BofA into this dispute,

26

27

28

---

[1] *See* Declaration of Amanda L. Groves in Support of Motion ("Groves Decl."), Ex A (filed concurrently herewith); and BofA's Request for Judicial Notice in Support of Motion ("RJN") (filed concurrently herewith).

Winston & Strawn LLP
101 California Street
San Francisco, California 94111

-1-

1   despite no reasonable basis to do so.

2       JHS' Third-Party Complaint fails to plausibly state a claim, and BofA should be

3   dismissed with prejudice.

4   **II.   LEGAL STANDARD**

5       A complaint should be dismissed if the facts as pled do not state a claim for

6   relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 663-64 (2009); *see*

7   *also Twombly*, 550 U.S. at 570 (the complaint must demonstrate a "plausible" – not

8   merely "conceivable" – right to relief).  As this Court explained in its Order Granting

9   Plaintiff's Motion to Strike/Dismiss Defendant's Affirmative Defenses and

10  Counterclaims,  "[a] complaint will survive a motion to dismiss when it contains

11  "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on

12  its face." Order on Plaintiff's First Motion to Strike/Dismiss at 14, *quoting Ashcroft v.*

13  *Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544.  As this

14  Court further explained, "[c]onclusory allegations or allegations that are no more than

15  a statement of a legal conclusion 'are not entitled to the assumption of truth.'"  *Id.* at

16  15, *quoting Iqbal*, 556 U.S. at 679.  In other words, a pleading that merely offers

17  "labels and conclusions," a "formulaic recitation of the elements," or "naked

18  assertions" will not be sufficient to state a claim upon which relief can be

19  granted.  *Iqbal* at 678 (citations and internal quotation marks omitted).

20      "[T]o be entitled to the presumption of truth, allegations in a . . . counterclaim

21  may not simply recite the elements of a cause of action, but must contain sufficient

22  allegations of underlying facts to give fair notice and to enable the opposing party to

23  defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

24  Moreover, "[t]he factual allegations that are taken as true must plausibly suggest an

25  entitlement to relief, such that it is not unfair to require the opposing party to be

26  subjected to the expense of discovery and continued litigation." *Id.*  Where, as here,

27  the complaint lacks such sufficient factual allegations, Rule 12(b)(6) requires that the

28

-2-

**THIRD-PARTY DEFENDANT'S MOTION TO DISMISS THIRD PARTY COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO. 2:14-CV-00609-DPP-SS**

Winston & Strawn LLP
101 California Street
San Francisco, California 94111

1  complaint be dismissed.

2        A motion under Rule 12(b)(6) is decided, of course, based on the pleadings and

3  matters which are the subject of judicial notice.[2]   The Parties agree the USPTO

4  documents should be judicially noticed,[3] and courts routinely have done so for

5  USPTO records.  *See, e.g. Klang v.* Pflueger, No. SACV 13-01971 JVS (DFMx), 2014

6  WL 4922401, at *1 (C.D. Cal. July 10, 2014); *Bhasin v.* Pathak, No. EDCV 13-

7  00293-VAP (OPx), 2013 WL 1871508, at *2 (C.D. Cal. May 3, 2013).[4]

8  **III.   ARGUMENT**

9        **A.   The Parties Agree that JHS' Counterclaims Rise and Fall on the**

10             **Allegation that BofA Owns the Disputed Trademarks.**

11        It is hornbook law that "the owner of the trademark is the ***only*** proper

12  defendant" in a suit for cancellation of that trademark.  *Informix Software, Inc. v.*

13  *Oracle Corp.*, 927 F. Supp. 1283, 1286 (N.D. Cal. 1996) (dismissing with prejudice

14  claim for cancellation against exclusive licensee of trademark) (emphasis added).  As

15  Gibson explained in its Motion to Dismiss/Strike, the holder of a security interest

16  is ***not*** the owner of the trademark:

17

18        Trademark cases distinguish between security interests and
       assignments. (Citations omitted.) An "assignment" of a trademark is

19  ―――――――――――――――
   [2] *See Iqbal*, 556 U.S. at 678 (pleadings); *Shwarz v. United States*, 234 F.3d 428, 435
20  (9th Cir. 2000) (judicial notice); *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504
   (9th Cir. 1986) (judicial notice).

21
   [3] *See* JHS' Request for Judicial Notice in Support of its Opposition to Gibson's
22  Motion to Strike/Dismiss, ECF No. 50-6.

23  [4] The Federal Rules allow the Court to consider the documents regardless of whether
   judicial notice is granted: "Federal Rule of Civil Procedure 12(b)(6) specifically gives
24  courts the discretion to accept and consider extrinsic materials offered in connection
   with these motions, and to convert the motion to one for summary judgment when a
25  party has notice that the district court may look beyond the pleadings." *Hamilton*
   *Materials Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1207 (9th Cir. 2007) (affirming
26  district court's granting of summary judgment after considering matters outside of the
   pleadings in deciding motion to dismiss) (citing *Portland Retail Druggists Ass'n v.*
27  *Kaiser Found. Health Plan*, 662 F.2d 641, 645 (9th Cir. 1981)).   Accordingly, Rule
   12(d) and conversion of the motion to one for summary judgment under Rule 56,
28  provide an alternative ground for granting the motion.

Winston & Strawn LLP
101 California Street
San Francisco, California 94111

-3-

an absolute transfer of the entire right, title and interest to the trademark. (Quotation and citation omitted.) The grant of a security interest is not such a transfer. It is merely what the term suggests—a device to secure an indebtedness. It is a mere agreement to assign in the event of default by the debtor.

*In re 199Z, Inc.*, 137 B.R. 778, 782 (Bankr. C.D. Cal. 1992).

JHS agrees.  In fact, JHS represented to this Court that it would not involve BofA in this lawsuit based on evidence of a security interest; it would only do so based on evidence that BofA *owned* the trademarks.  (JHS' Opp. to Gibson's Motion to Strike/Dismiss (ECF No. 50) at 7:15-22 ("If JHS had sought to involve BofA solely because it has a security interest in the trademarks, JHS would have added Wells Fargo Bank as a third party defendant as well. JHS did not. JHs involved BofA because, according to the USPTO, it is the *owner* of the five registrations.").)

Thus, in order to survive a motion to dismiss for failure to state a claim, JHS must *plausibly* demonstrate that BofA is, in fact, the owner of the disputed marks.  *See Twombly*, 550 U.S. at 570.  As detailed below, JHS has not, and cannot, plausibly demonstrate this element.

## B.     The Third Party Complaint Lacks a Single Factual Allegation Supporting JHS' Claim that BofA Owns Any of the Disputed Trademarks.

The allegations against BofA in the Third-Party Complaint are premised on the single conclusory allegation that "BOA is the owner of the ['791, '805, '227, '790, and '052] Registration[s]."  TPC ¶¶ 7, 25, 47, 70, 107. This "naked assertion devoid of [any] further factual enhancement" is wholly insufficient to survive a motion to dismiss.  *See Iqbal*, 556 U.S. at 678 (a plaintiff cannot rely on a "formulaic recitation of the elements of a cause of action").   Because the Third-Party Complaint lacks any factual support for the claim that BofA owns the disputed trademarks, the counterclaims against BofA should be dismissed.  Moreover, because judicially noticeable documents establish that JHS has no claim against BofA, leave to amend

-4-

1    should be denied and the complaint dismissed with prejudice.  *See* Section III. C.,
2    below.

3           **C.    The Judicial Notice Documents Only Prove JHS Has No Claim.**

4           In opposition to Gibson's Motion to Dismiss/Strike, JHS asserted that it has
5    now conducted an "*actual* review of the assignment records on the USPTO website,"
6    and, in an apparent attempt to support its counterclaims against BofA, it requested
7    judicial notice of four documents.  *See* ECF No. 50-1 to 50-6.  Three of those
8    documents relate to security interests.  But, as JHS acknowledged, and this Court
9    confirmed in the Order on the Motion to Dismiss/Strike, whether or not BofA has a
10   security interest in the trademarks is wholly irrelevant:  "The statement that some
11   security interest was released was unnecessary to Plaintiff's primary legal point,
12   which was that a mere security interest in the mark did not make Bank of America the
13   legal *owner* of the mark."  Order at 10:19-22.

14          The fourth document submitted by JHS is not even an actual assignment record.
15   Rather, it includes screenshots from the USPTO website listing "Bank of America,
16   National Association" in the "Owner Name" field for the disputed trademarks.  As
17   JHS well knows, the fields on the USPTO website are populated by information
18   manually entered by either the trademark owner or a USPTO employee.[5]  The USPTO
19   openly acknowledges that both trademarks owners and the USPTO itself make clerical
20   errors, and therefore, it has numerous procedures in place to correct such errors.[6]  The
21   inclusion of BofA in the "Owner Name" field appears to have been the result of such a
22   clerical error.  It is BofA's understanding that once Gibson became aware of this

[5] Trademark Manual of Examining Procedures ("TMEP") § 401.03.

[6] *See* TMEP § 503.01(a) ("Recording a document with the Assignment Recordation Branch does not necessarily change or update the ownership of record shown in the Trademark database."); TMEP § 1609.10; *see also* http://www.uspto.gov/trademarks/contact_trademarks.jsp (section entitled "Corrections" provides five separate points of contact for different types of clerical errors).

Winston & Strawn LLP
101 California Street
San Francisco, California 94111

**THIRD-PARTY DEFENDANT'S MOTION TO DISMISS THIRD PARTY COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO. 2:14-CV-00609-DPP-SS**

1  clerical error, it followed the USPTO's procedures for addressing clerical errors made

2  by the USPTO, and that the USPTO then made the appropriate corrections.  As

3  illustrated in Exhibit A of the Request for Judicial Notice filed concurrently herewith,

4  current screenshots from the USPTO website list Gibson Guitar Corp. (and not BofA)

5  as the owner of the trademarks.[7]  With this correction, JHS has literally no basis for

6  including BofA in its dispute with Gibson.

7  **IV.    CONCLUSION**

8       Despite the absence of any basis to continue advocating its counterclaims, JHS

9  has refused to voluntarily dismiss BofA from this case.  Its own pleadings and the

10  documents JHS submitted to the Court establish it has not plausibly alleged BofA's

11  ownership.  Those same documents also establish JHS could not possibly amend its

12  claims to provide the requisite factual allegations to survive dismissal.  BofA should

13  not be a litigant in this action, and its motion should be granted without leave to

14  amend.

15  Dated:  October 24, 2014                    WINSTON & STRAWN LLP

16

17                                            By:  */s/ Amanda L. Groves*
                                                   Amanda L. Groves
18                                                 Attorneys for Third-Party Defendant
                                                   BANK OF AMERICA
19

20

21

22

23

24

25

26

27

28  _____
[7] *See* Groves Decl., Ex A (filed herewith); *see also* RJN (filed herewith).

**THIRD-PARTY DEFENDANT'S MOTION TO DISMISS THIRD PARTY COMPLAINT;**
**MEMORANDUM OF POINTS AND AUTHORITIES**
**CASE NO. 2:14-CV-00609-DPP-SS**

Winston & Strawn LLP
101 California Street
San Francisco, California 94111