John K. Buche (Bar No. 239477)
jbuche@buchelaw.com
Lindsay D. Molnar (Bar No. 275156)
BUCHE AND ASSOCIATES, P.C.
9100 Wilshire Blvd., Suite 445, East Tower
Beverly Hills, California 90212
(858) 459-9111
(858) 459–9120 fax

Brent M. Davis (*Pro Hac Vice*)
bdavis@musicesq.com
Ronald S. Bienstock (*Pro Hac Vice*)
BIENSTOCK & MICHAEL, P.C.
411 Hackensack Ave.
Hackensack, NJ 07601
(201) 525–0300
(201) 525–0133 fax

Attorneys for Defendant
JOHN HORNBY SKEWES & CO. LTD.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| GIBSON BRANDS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>JOHN HORNBY SKEWES & CO. LTD., a United Kingdom Corporation; and DOES 1 through 10,<br><br>Defendants.<br><br>JOHN HORNBY SKEWES & CO. LTD., a United Kingdom Corporation,<br><br>Plaintiff,<br><br>v.<br><br>Bank of America, a Delaware corporation,<br><br>Defendant. | Case No.  CV 2:14-00609-DDP-SS<br><br>Hon. Dean D. Pregerson<br><br>**JOHN HORNBY SKEWES & CO. LTD.'S BRIEF IN OPPOSITION TO THIRD PARTY DEFENDANT'S MOTION TO DISMISS DEFENDANT'S AMENDED COUNTERCLAIMS AND THIRD PARTY COMPLAINT**<br><br>Hearing Date: December 8, 2014<br>Time: 10:00 a.m.<br>Courtroom: 3<br>Complaint filed: January 27, 2014 |

Defendant John Hornby Skewes & Co. Ltd. ("JHS") respectfully submits this memorandum of law in opposition to Bank of America's ("BOA") Motion to Dismiss   JHS's Third Party Complaint ("Third Party Complaint")(the "Motion"). JHS has met its burden by pleading sufficient factual matter, if accepted as true, to state claims of relief that is plausible on its face.  Further, there are genuine issues of material fact that preclude granting the Motion pursuant to <u>Fed. R. Civ. P. 56</u>. Accordingly, the Motion to Dismiss should be denied in its entirety.  At the very least, there is substantial confusion about the ownership of five of the trademarks at issue in this case.  JHS respectfully submits that it should be given the opportunity to conduct limited discovery on the issue of trademark ownership.

## I.   FACTUAL BACKGROUND

Gibson Brands, Inc. ("Gibson") filed the instant action against JHS on January 27, 2014, asserting claims of trademark infringement of six trademark registrations. [Dkt. No. 1.]  However, according to the United States Patent and Trademark Office ("USPTO"), at the time of filing, BOA, not Gibson, was the owner of five of the asserted trademark registrations (the "Registrations").  <u>Declaration of Brent M. Davis</u> ("Davis Decl.") at ¶¶ 3-5; Exhibit A.

JHS filed its Third Party Complaint on September 5, 2014.  [Dkt. No. 30.]  As of that date, BOA was still the owner of the Registrations.  <u>Davis Decl.</u> at ¶ 5, <u>Exhibit A</u>.

Gibson filed a second motion to dismiss on September 19, 2014.  [Dkt. No. 46.]  As of September 29, 2014, BOA was *still* the owner of the Registrations.  <u>Davis Decl.</u> at <u>Exhibit A</u>.  It was only on or around October 6, 2014, *ten months after Gibson filed its Complaint, and more than a month after JHS filed its Third Party Complaint,* that the USPTO records indicated that BOA was no longer the owner of the Registrations, but rather Gibson Guitar Corp., *an entity that no longer exists and is not a party to this action*.  <u>Dkt. No. 58-2</u> at 2,4,6,8 and 10.

## II.   LEGAL STANDARD

"Under Federal Rule of Civil Procedure 8(a)(2), a [counterclaim] must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Detailed factual allegations are not required."  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 663 (2009) (internal quotations omitted).  A counterclaim will survive a motion to dismiss when it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." <u>Iqbal</u> at 678 (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).  When considering a <u>Fed. R. Civ. P. 12(b)(6)</u> motion, a court must "accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."  <u>Resnick v. Hayes</u>, 213 F.3d 443, 447 (9th Cir.2000).

## III.   ARGUMENT

**A.    JHS HAS PLED SUFFICIENT FACTUAL MATTER, ACCEPTED AS TRUE, TO STATE A CLAIM TO RELIEF THAT IS PLAUSIBLE ON ITS FACE.**

BOA's states that the "Third Party Complaint [is] premised on the single conclusory allegation that BOA is the owner of the [Registrations.]"  Motion at 4 (internal quotations omitted).  BOA then argues that this fails to satisfy the pleading requirements of Iqbal and Twombly because "a plaintiff cannot rely on a formulaic recitation of elements of a cause of action."  Id. (internal quotations omitted).  This argument is confusing as the issue of ownership of a trademark registration is a question of fact, not an element of JHS's cause of action.

JHS seeks cancellation of the asserted trademark registrations on the grounds that the marks are generic.  Court's Order of October 10, 2014 [Dkt. No. 57] at 12. "The party seeking cancellation must prove two elements: (1) that it has standing; and (2) that there are valid grounds for canceling the registration."  Cunningham v. Laser Golf Corp., 222 F.3d 943, 945 (Fed. Cir. 2000).  The Court has already ruled that JHS has sufficiently pled the elements for cancellation.  Id. at 12-15. Accordingly, BOA's Motion under 12(b)(6) should be denied.

Even if the question of ownership was an element of the cause of action, BOA does not state how the fact that BOA was the owner of the Registrations could be more thoroughly pled.  The factual allegation of ownership is analogous to the color of a car in a hit and run accident.  Would it not be sufficient to state the car was red?

OPPOSITION TO MOTION TO DISMISS

JHS has asserted that BOA, at the times the Complaint and Third Party Complaint were filed, BOA was the owner of the Registrations according to the USPTO.  See Davis Decl. at Exhibit A.  It is not clear how JHS could have made that assertion any more specifically.  It is a simple statement of fact, not a conclusory allegation of law.  Accordingly, BOA's Motion fails under Rule 12(b)(6).

If the Court takes judicial notice of documents cited by both BOA and JHS, the question of ownership is simply confusing.  BOA submits documents that the USPTO's records indicate that, as of October 24, 2014, Gibson Guitar Corp., is the owner of the Registrations.  This only clouds the issue more, as Gibson Guitar Corp. no longer exists as an entity.  JHS submits documents that the USPTO's records indicate that, as of September 29, 2014, BOA is the owner of the Registrations.  Taken on their faces, these documents hardly resolve the issue of ownership.  All they indicate is that sometime between September 29, 2014 and October 24, 2014, the ownership information at the USPTO changed.  This cannot be enough to warrant dismissal under Rule 12(b)(6).  If this was sufficient, all a registrant would have to do to dismiss a cancellation claim is simply transfer ownership without any further explanation.

BOA fails to meet the standard required for dismissal under Rule 12(b)(6) and the Motion should be denied.

OPPOSITION TO MOTION TO DISMISS

**B.    THERE ARE MATERIAL ISSUES OF FACT SUFFICIENT TO PRECLUDE GRANTING THE MOTION UNDER RULE 56.**

In a footnote, BOA invokes the Court's ability to convert a motion to dismiss under Rule 12(b)(6) to a motion to summary judgment under Rule 56.  <u>Motion</u> at 3, Fn. 4.  While there is no doubt such a conversation is appropriate, BOA has provided little evidence outside of the pleadings.  What little information BOA provided soundly fails to establish that there are no material issues of fact and that BOA is entitled to judgment as a matter of law.

BOA offers the following information that falls outside of what Courts can consider under Rule 12(b)(6):

- A bare assertion of counsel that the USPTO's records showing BOA was owner of the Registrations "was obviously a clerical error." <u>Motion</u> at 1.

- "[T]he fields on the USPTO website are populated by information manually entered by either the trademark owner or a USPTO employee." <u>Id</u>. at 5.

- "The USPTO openly acknowledges that both trademark owners and the USPTO itself make clerical errors, and therefore, it has numerous procedures in place to correct such errors." <u>Id</u>.

- "The inclusion of [BOA] in the 'Owner Name' field appears to be the result of such a clerical error." <u>Id</u>.

- The bare assertion of counsel that " it is [BOA's] understanding that once Gibson became aware of this clerical error, it followed the USPTO's procedures for addressing clerical errors made by the USPTO, and that the USPTO then made the appropriate corrections." Id. at 5-6.

None of these additional "facts" add any clarity to the issue of BOA's ownership of the Registrations.  In fact, they serve to highlight the confusion that surrounds the issue.  BOA simply makes bare assertions that are merely speculative, even if taken at face value.

While BOA states that JHS is "insist[ing to] drag [BOA] into this dispute" and "refuse[s] to voluntarily dismiss [BOA] from this case," it is this total lack of information and clarity that forces JHS to continue to rely on what cannot be denied: on the date that Gibson filed the Complaint and on the date JHS filed the Third Party Complaint, *USPTO records state that BOA was the owner of the registrations*.

BOA has failed to provide to JHS, *and more importantly, the Court*, any evidence or explanation on how BOA came to be listed as the owner of the Registrations.  The simple fact is that on July 31, 2013, Gibson, BOA and Wells Fargo Bank entered into a complex financial transaction (the "Triggering Transaction").  See Davis Decl. at Exhibits B and C.  When the Second Lien Intellectual Property Security Agreement (Davis Decl. at Exhibit C) related to the Triggering Transaction was filed with the USPTO, it caused Bank of America to

OPPOSITION TO MOTION TO DISMISS

become the owner of the Registrations according to the USPTO records.    There are four possibilities on this issue:

1.  The Triggering Transaction transferred ownership from Gibson to BOA;

2.  The Second Lien Intellectual Property Security Agreement transferred ownership from Gibson to BOA by operation of law and/or the USPTO;[1]

3.  When BOA filed the Second Lien Intellectual Property Security Agreement, the filer on behalf of BOA made an error; or

4.  When BOA filed the Second Lien Intellectual Property Security Agreement, the USPTO made an error.

BOA has made no attempt to provide any evidence that the Court could use to conclude which of the four possible scenarios occurred.  It does not provide all of the documents involved in the Triggering Transaction, nor does it provide any affidavits from either the USPTO or the filer on behalf of BOA that explains how the "clerical error" occurred.  BOA simply speculates that it was the USPTO who made an error and argues that that alone should grant them dismissal under either Rules 12(b)(6) or 56.  Clearly, BOA cannot establish that there are no issues of material fact and its Motion under Rule 56 should be denied.

---

[1] There is a question to the legal operation of a "Second Lien Intellectual Property Security Agreement."  JHS's counsel was only able to find this type of document in the context of patent wrappers. <u>Davis Decl.</u> at ¶¶ 8-9.  In each of those instances, the bank receiving the "Second Lien Intellectual Property Security" was listed as the current owner of the patent. <u>Id</u>. at ¶ 10.

Should the Court be inclined to accept this mere speculation, JHS respectfully requests that the Motion be denied without prejudice and JHS be allowed to conduct limited discovery on the issue of BOA's ownership

## CONCLUSION

For the reasons stated above, JHS has met the pleading standard required by Fed. R. Civ. P. 8(a)(2), Iqbal and Twombly by pleading sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  Further, there are material issues of fact that prevent the granting of the Motion pursuant to Rule 56.  Accordingly, the Motion should be denied in its entirety.

Dated:  November 17, 2014            BUCHE AND ASSOCIATES, P.C.

                                     By: */s/ John K. Buche*_____
                                        John K. Buche (Bar No. 239477)

                                        BIENSTOCK & MICHAEL, P.C.
                                        Brent M. Davis (*Pro Hac Vice*)

                                        Attorneys for Defendant
                                        JOHN HORNBY SKEWES & CO. LTD.

OPPOSITION TO MOTION TO DISMISS

8

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copies of **JOHN HORNBY SKEWES & CO. LTD.'S BRIEF IN OPPOSITION TO THIRD PARTY DEFENDANT'S MOTION TO DISMISS DEFENDANT'S AMENDED COUNTERCLAIMS AND THIRD PARTY COMPLAINT; DECLARATION OF BRENT M. DAVIS AND EXHIBITS THERETO,** documents have been served on this date to all counsel of record, if any to date, who are deemed to have consented to electronic service via the Court's CM/ECF system per L.R. 5-3.2. Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery upon their appearance in this matter.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct. Executed this 17th day of November, 2014 at La Jolla, California.

Date:   November 17, 2014                BUCHE AND ASSOCIATES, P.C.

                                  By: */s/ John K. Buche*
                                    John K. Buche (Bar No. 239477)

                                    BIENSTOCK & MICHAEL, P.C.
                                    Ronald S. Bienstock (*Pro Hac Vice*)