O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIBSON BRANDS, INC., a Delaware corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOHN HORNBY SKEWES & CO. LTD.,<br><br>　　　　Defendant. | ) Case No. CV 14-00609 DDP (SSx)<br>)<br>) **ORDER DISMISSING THE THIRD-PARTY**<br>) **COMPLAINT AGAINST BANK OF AMERICA**<br>)<br>) [Dkt. Nos. 58, 59]<br>)<br>)<br>)<br>)<br>) |

Presently before the Court are motions by Third-Party Defendant Bank of America ("BOA") and Plaintiff Gibson Brands ("Gibson") to dismiss the Third-Party Complaint filed by Defendant John Hornby Skewes & Co. ("JHS"). Having considered the parties' submissions, the court adopts the following order and grants the motions.

**I.　BACKGROUND**

　　Gibson and JHS are manufacturers of electric guitars. Gibson alleges that JHS has infringed its trademarks. JHS, in a counter-claim and third-party complaint, alleges that Gibson's purported marks have become generic through widespread use by other

companies, and also that most of the marks were actually owned by BOA at the time the Complaint was filed.

To support its allegation that BOA was, at one point, the true owner of the marks, JHS has requested that the Court take judicial notice of a PDF of a series of pages from the website of the United States Patent and Trademark Office ("USPTO"). (Opp'n, RJN and Ex. A.) These pages are dated September 29, 2014 and give information about each mark, including registration date, serial number, a design sketch, and so on. They also each list "Bank of America, National Association" in the "Owner Name" field. (Id.) Gibson has submitted its own PDF of USPTO webpages, dated October 6, 2014, listing "Gibson Guitar Corp." as the owner of the marks. (Dkt. No. 51-1, Ex. A.) BOA has also submitted a PDF of the page, dated October 24, 2014, also listing "Gibson Guitar Corp." as the owner of the marks. (Dkt No. 58-2.)

In previous filings, the parties have requested judicial notice be taken of documentation, also from the USPTO website, showing that BOA and Gibson entered into a security agreement, using the marks as collateral, on March 25, 2011, and that that security agreement was terminated on July 31, 2013. (Dkt. No. 50-2, Decl. Brent Davis, Ex. B.) The parties have also requested judicial notice be taken of another security agreement between BOA and Gibson executed on July 31, 2013. (Dkt. No. 50-3, Decl. Brent Davis, Ex. C.) No judicially-noticeable document shows that agreement to have been terminated.

## II.   LEGAL STANDARD

In order to survive a motion to dismiss for failure to state a claim, a complaint need only include "a short and plain statement

of the claim showing that the pleader is entitled to relief." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)).  A complaint must include "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).  When considering a Rule 12(b)(6) motion, a court must "accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." <u>Resnick v. Hayes</u>, 213 F.3d 443, 447 (9th Cir. 2000).  Rule 8(a) "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence to support the allegations." <u>Starr v. Baca</u>, 652 F.3d 1202, 1217 (9th Cir. 2011) (internal quotation mark omitted).

**III. DISCUSSION**

**A.   Procedural Deficiencies in the Third-Party Complaint**

Gibson's first argument in its motion to dismiss is that JHS failed to obtain the Court's permission to amend its counterclaim to add BOA as a party, as required by Rule 15.  (Gibson's Mem. P. & A. at 4:15-5:3.)

JHS replies that it *did* obtain the Court's leave when the Court "specifically granted JHS the right to amend its pleading." (Opp'n to Gibson's Renewed Mot. Dismiss at 7:21-22.)  JHS cites to "<u>Order</u> at 18" – presumably the Court's order of August 22, 2014. Although the Court did give JHS leave to amend its counterclaims, that leave was not a free-ranging permission to add anything or anyone under the sun.  It was, implicitly, leave to amend in order to cure the deficiencies identified in the order.  In particular, adding third parties requires permission separate from ordinary

3

leave to amend: "[T]he third-party plaintiff must, *by motion*, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer." Fed. R. Civ. P. 14 (emphasis added). JHS should have filed a separate motion seeking leave to file the third-party complaint.

**B.    Substantive Arguments Regarding Ownership of the Marks**

Nonetheless, in the interest of avoiding duplicative filings only to arrive at the same point, the Court will address the substantive issues to which the parties devote most of their briefing.

**1.    USPTO Documents**

As a general matter, in ruling on 12(b)(6) or 12(c) motions, "a district court may not consider any material beyond the pleadings." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990). The parties agree that the Court may take judicial notice of USPTO records on a motion to dismiss, which is true. Lee v. City of Los Angeles, 250 F.3d 668, 688–89 (9th Cir. 2001). However, there is some danger in delving too deeply into matters outside the pleadings at the motion to dismiss stage. The purpose of the motion to dismiss is not to weigh the evidence for or against competing factual claims. It is to ensure that the pleading does two things: (1) puts parties on notice as to claims against them so that they may prepare defenses, and (2) states a plausible entitlement to relief. Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011). If the Court can determine that Defendant's Third-Party Complaint does that, the inquiry is at an end.

Gibson and BOA argue that JHS "has not plausibly alleged BofA's ownership" of the marks. (BOA's Mot. Dismiss at 6:10-11.) They refer the Court to judicially-noticeable evidence that, as of October 6 or October 24, the USPTO website listed "Gibson Guitar Corp." as the owner of the marks. If the USPTO's website had, all along, listed Gibson as the owner of the marks – that is, if the judicially-noticeable evidence were *unambiguous* – it might well be enough, on its own, to render JHS's factual allegation that BOA is or was the owner implausible. "Plaintiff's complaint may be dismissed only when defendant's plausible alternative explanation is so convincing that plaintiff's explanation is *im*plausible." Starr, 652 F.3d at 1216.

But the evidence is not unambiguous. Gibson and BOA point out that "both trademarks owners and the USPTO itself make clerical errors," and they argue that the USPTO webpage listing BOA as the owner of the marks was "due to a clerical error by the USPTO." (BOA's Mot. Dismiss at 5:19-20; Gibson's Renewed Mot. Dismiss at 6-7 n.1.) But that argument could just as easily cut against Gibson and BOA's own reliance on documents from the same website. Gibson and BOA essentially ask the Court to weigh the credibility of one judicially-noticeable iteration of a government website against the credibility of another. This the Court declines to do.[1]

---

[1] More-or-less the same arguments apply to the evidence of the security agreements. If the USPTO is apt to make mistakes, and may well have made a mistake in this case, the Court will not presume that some of the USPTO's documents are more or less reliable than others that may contradict them.

5

The judicially-noticeable evidence presented is not so unambiguous that the Court may, on that ground alone, treat otherwise well-pled allegations as implausible.

**2.    Plausible Claim**

On the other hand, a complaint does not state a plausible ground for relief if it is illogical or plainly at odds with common sense.[2] JHS's theory of the case is that BOA acquired ownership of the marks via one of the security agreements listed in the various USPTO documents or the deal to which the security agreement is ancillary. (Opp'n at 6:19-7:12.) Assuming this to be true, JHS does not explain why BOA would come before this Court and aver, in filings subject to Rule 11, that USPTO records "unambiguously establish" that it "does not, and never has, owned the marks." (BOA's Mot. Dismiss at 1:22.)

What would be the benefit to BOA of pretending that it does not own the marks? Suppose the Court denies these motions and continues to the summary judgment stage. BOA, which in this hypothetical owns the marks, would then be in the position of having lied to the Court and would have opened itself up to discovery which would undoubtedly reveal that fact. What could possibly be its motivation in doing so? The *best* case scenario for BOA at that point would be that the Court erroneously finds that it is not the owner – a determination which would likely act as *res judicata* to preclude BOA from asserting its ownership rights in the marks in the future. Additionally, if JHS's interests were harmed

---

[2] "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 663-64 (2009).

by BOA's false statements in this matter, JHS could sue BOA for fraud. JHS does not explain what benefit accrues to BOA, if it is the owner, in taking such risks. Surely if BOA were the owner of the marks, and were apprised of a lawsuit that could result in cancellation of the marks, the rational course of action would be to intervene as the true owner, or at the very least to inform the Court in this motion that it is the true owner so that the counterclaims for cancellation against Gibson would be dismissed.

Compared to JHS's narrative, which requires obscure, gamesmanlike motives and wild risk-taking by a sophisticated business entity, BOA and Gibson's explanation – a clerical error at the USPTO, now rectified – has the virtue of being both simple and likely. This is, indeed, a case where "[the third-party] defendant's plausible alternative explanation is so convincing that [the third-party] plaintiff's explanation is *im*plausible." Starr, 652 F.3d at 1216.

The Court finds, given everything before it, that the Third-Party Complaint does not state a plausible claim.

**IV. CONCLUSION**

The Motions to Dismiss the Third-Party Complaint are hereby GRANTED.

IT IS SO ORDERED.

Dated: December 8, 2014

DEAN D. PREGERSON
United States District Judge