ANDREA E. BATES, ESQ. SBN 192491
Abates@Bates-Bates.com
KURT W. SCHUETTINGER, ESQ. SBN 295879
Kschuettinger@Bates-Bates.com
BATES & BATES, LLC
1890 Marietta Blvd
Atlanta, Georgia 30318
Phone (404) 228-7439
Fax    (404) 963-6231

Attorneys for
Plaintiff GIBSON BRANDS, INC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIBSON BRANDS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN HORNBY SKEWES & CO. LTD., a United Kingdom corporation and DOES 1 through 10,<br><br>Defendants. | Case No. CV 2:14-00609-DDP-SS<br><br>Hon. Dean D. Pregerson<br><br>**PLAINTIFF GIBSON BRANDS, INC.'S OPPOSITION TO DEFENDANT'S MOTION TO AMEND FIRST AMENDED COUNTERCLAIMS**<br><br>Complaint filed:<br>January 27, 2014<br><br>Amended Counterclaims and Third-Party Complaint filed:<br>Sept. 5, 2014<br><br>Hearing Date: January 12, 2015<br>Time: 10:00 a.m.<br>Courtroom: 3 |

# TABLE OF CONTENTS

I.   PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

II.  BACKGROUND. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

III. ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

    A.   This Court can infer bad faith from JHS' previous actions .
       . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

    B.   JHS has unduly delayed this case given that JHS was
       aware this entire time that Gibson was the owner of its
       trademarks . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

    C.   Gibson will be Prejudiced if the Motion to Amend is
       Granted . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

    D.   The removal of the fraud allegations is futile . . . . . . . . . 11

    E.   This Court has given JHS ample opportunities to amend its
       Counterclaims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

IV.  CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

# TABLE OF AUTHORITIES

## CASES

*Allen v. City of Beverly Hills*
911 F.2d 367 (9th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

*Chodos v. West Publishing Co.*
292 F.3d 992 (9th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

*International Ass'n of Machinists & Aerospace Workers v. Republic Airlines*
761 F.2d 1386 (9th Cir. 1985). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Kraft Foods Group Brands LLC v. Cracker Barrel Old Country Store, Inc.*
735 F.3d 735 (7th Cir. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10

*Lockheed Martin Corp. v. Network Solutions, Inc.*
194 F.3d 980 (9th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

*Pickett v. Schwarzenegger*
No. CV 08-03955 DDP (EX), 2010 WL 140386, at *5 (C.D. Cal. Jan. 11, 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

*Ramirez v. Deutsche Bank Nat. Trust Co.*
No. 09CV1431 JAH(WMc), 2010 WL 3636172 at *1 (S.D. Cal Sept. 10, 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

*William Inglis & Sons Baking Co. v. ITT Continental Baking Co.*
668 F.2d 1014 (9th Cir. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

## CODES AND STATUES

37 C.F.R. § 373(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

Fed. R. Civ. P. 15(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

Plaintiff Gibson Brands, Inc. ("Gibson") respectfully submits this Memorandum of Law in Opposition of Defendant John Hornby Skewes & Co. Ltd.'s ("JHS") Motion to Amend First Amended Counterclaims [Doc. No. 68].

## I. PRELIMINARY STATEMENT

Docket Entry Number 1 is Gibson's Complaint against JHS, wherein Gibson alleges trademark infringement against JHS based on JHS' unauthorized use of some Gibson's best-known trademarks. A year later, we are now on Docket Entry Number 68, and the lion's share of those docket entries pertain to JHS' attempts to plead defenses and counterclaims against Gibson. Left out of the mix of all those docket entries is the central issue that precipitated this lawsuit, *i.e.*, JHS' unauthorized use of Gibson's trademarks.

Docket Entry Number 68 is JHS' latest attempt to plead a proper counterclaim against Gibson, which asks this Court for leave to ironically plead that Gibson owns the trademarks that it sued on. Gibson requests this Court deny the Motion for Leave to Amend, as this is another attempt by JHS to delay this lawsuit, while it continues to unlawfully use Gibson's trademarks. JHS' delay tactics are also evident by its recent discovery responses, wherein JHS only produced one responsive document, taking the meritless position that it does not manufacture or sell any of the JHS products that Gibson attached to its Complaint.

## II. BACKGROUND

Gibson is the owner of the six (6) trademarks at issue: 1) the SG Body Shape Design®, U.S. Trademark Reg. No. 2215791, 2) Explorer Body Shape Design®, U.S. Trademark Reg. No. 2053805, 3) ES Body Shape Design®, U.S. Reg. No. 2007277, 4) Flying V Body Shape Design®, U.S. Trademark Reg. No. 2051790, 5) Flying V Peghead Design®, U.S. Reg. No. 3976202, and 6) Kramer Peghead Design®, U.S. Reg. No. 1567052 (collectively, "Gibson Trademarks"). [Complaint at ¶¶ 10-15.]   Gibson has spent millions of dollars, in the fifty plus years, building consumer goodwill in the Gibson Trademarks. [*Id.* at ¶¶ 16, 19.]  As a result of the quality of Gibson's products and the extensive sales, licensing and marketing, advertising and promotion of musical instruments under the Gibson Trademarks, consumers instantly recognize the Gibson Trademarks as originating from Gibson. [*Id.* at ¶ 17.]  The Gibson Trademarks have become famous trademarks that are widely and favorably known by consumers in the United States and abroad. [*Id.* at ¶ 18.]

Gibson discovered that JHS was copying the Gibson Trademarks; in fact, nearly JHS' entire line of electric guitars were substantially similar to the Gibson Trademarks. When JHS failed to cease all use of the Gibson Trademarks to Gibson's satisfaction, Gibson filed the instant suit on January 27, 2014, alleging, *inter alia*, trademark infringement and related causes of action. [Complaint at ¶ 27.]  After over two months of delay, JHS attempted to circumvent Gibson's choice of venue by filing a motion to transfer venue backed by little legal theories or facts. [*See* Doc. No. 9.]

After this Court denied JHS' Motion to Transfer (doc. no. 16), JHS then filed an Answer on May 30, 2014, that included twenty-four boilerplate affirmative defenses and six counterclaims. [*See* Doc. No. 19.] The counterclaims asked the Court to cancel all six of the Gibson Trademark registrations, alleging, without accompanying facts or evidence, the Gibson Trademarks were generic. [*Id.*] This Court dismissed the majority of the affirmative defenses and all the counterclaims but granted JHS "leave to amend its Answer as to each of these [counter]claims." [*See* Doc. No. 29 at 18.] This Court did not grant JHS leave to add new parties.

In an attempt to delay the proceedings even longer, JHS filed an amended Answer pleading with identical cancellation claims and adding Bank of America as a party. [*See* Doc. No. 30.] JHS' did not request or receive leave of court to add Bank of America as a party. Despite being notified multiple times, by both Gibson and Bank of America, that Bank of America owns nothing more than a security interest in the trademarks at issue, JHS' counsel repeatedly refused to voluntarily dismiss Bank of America from this suit. This Court found that JHS's claim that Bank of America was the owner of five of the six marks was implausible and went against common sense. [*See* Doc. No. 67 at 7.]

JHS now asks this Court to allow it to amend its First Amended Counterclaims by deleting the allegations of fraud and to reflect Gibson's ownership in the six asserted trademark registrations. [*See* JHS' Motion to Amend at Doc. 68 at 4.] Once again, JHS requests this Court to allow it to amend its deficient pleading. In addition, JHS has asked

Gibson to consent to this amendment despite the continued sale of the infringing guitars that continue to cause irreparable harm to Gibson's trademarks and reputation. [*See* Declaration of David Berryman attached hereto as Exhibit "A" at ¶¶ 7-11.] Justice and efficiency do not require this Court grant JHS another shot to correct a pleading it has failed to correct in the year since the original Complaint was filed.

## III. ARGUMENT

JHS bases its request to amend its First Amended Counterclaims on Federal Rule of Civil Procedure 15. Fed. R. Civ. P. 15(a)(2) requires JHS to receive leave of the court to amend its pleadings. The court may "freely give leave [to amend] when justice so requires." *Id.* Granting leave to amend the pleading is within the discretion of the district court. *International Ass'n of Machinists & Aerospace Workers v. Republic Airlines*, 761 F.2d 1386, 1390 (9th Cir. 1985). The court considers five factors to determine whether to allow the amendment of a pleading; 1) bad faith, 2) undue delay, 3) prejudice to the opposing party, 4) futility of amendment, and/or 5) whether plaintiff has previously amended the complaint. *See Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). "The single most important factor is whether prejudice would result to the nonmovant as a consequence of the amendment." *Ramirez v. Deutsche Bank Nat. Trust Co.*, No. 09CV1431 JAH (WMc), 2010 WL 3636172 at *1 (S.D. Cal Sept. 10, 2010) (citing *William Inglis & Sons Baking Co. v. ITT Continental Baking Co.*, 668 F.2d 1014, 1053 (9th Cir. 1981)).

### A. This Court can infer bad faith from JHS' previous actions.

This Court could find JHS has filed its Motion to Amend in bad faith with the dilatory motive of delaying the proceedings. JHS has unnecessarily delayed this case through deficient motions and pleadings. Gibson filed its complaint for trademark infringement on January 27, 2014. [*See* Doc. No. 1.] Nearly a year has passed since that time, and this case has not proceeded past the pleadings stage. First, JHS attempted to transfer the venue to Tennessee on April 1, 2014, over two months after the complaint was filed. [*See* Doc. No. 9.] JHS' motion to transfer venue was denied on May 28, 2014. [*See* Doc. No. 16.]

On May 30, 2014, JHS filed its Answer with deficient affirmative defenses and counterclaims. [*See* Doc. No. 19.] This Court allowed JHS to amend many of these insufficient affirmative defenses and counterclaims. [*See* Doc. No. 29.] JHS filed its Amended Counterclaims and Amended Answer on September 5, 2014, that sought to add, without leave of court, Bank of America to this lawsuit. [*See* Doc. No. 30.] On October 23, 2014, this Court dismissed the fabricated fraud on the USPTO claims in the amended affirmative defenses and amended counterclaims with leave to amend the deficiencies. [*See* Doc. No. 57.] This Court then dismissed the Third-Party Complaint against Bank of America on December 8, 2014, for failure to state a plausible claim. [*See* Doc. No. 67.] The Court did not give JHS leave to amend its Third-Party Complaint. [*Id.*]

PLAINTIFF GIBSON BRANDS, INC.'S OPPOSITION TO DEFENDANT'S MOTION TO AMEND
FIRST AMENDED COUNTERCLAIMS

6

In its Motion to Amend, JHS claims it is acting in good faith by simply asserting the proper owner of the registrations at issue. [JHS Motion to Amend at Doc. 68 at 6.] JHS, however, added Bank of America to its First Amended Counterclaims in bad faith. First, JHS did not request or receive permission from the Court to add Bank of America to the First Amended Counterclaims. [*See* Doc. No. 67 at 3] ("Although the Court did give JHS leave to amend its counterclaims, that leave was not a free-ranging permission to add anything or anyone under the sun.")

Second, JHS did not sufficiently investigate the ownership of the six registrations despite being notified of the lawsuit (and registrations) over seven (7) months before filing its First Amended Counterclaims and Third-Party Complaint. JHS claims that it "relied in good faith on USPTO records regarding ownership of the asserted registrations." [*See* Motion to Amend at 5.] The USPTO, however, is only a recording entity for an assignment of ownership of a trademark, having no authority to transfer ownership without an assignment document. "The original applicant is presumed to be the owner of a trademark . . . registration, unless there is an assignment." 37 C.F.R. § 373(a). The USPTO offers an online assignment database where the title of ownership documents of a trademark may be traced and viewed by inputting the registration or application number. Despite the seven (7) months between the filing of the Complaint and JHS' First Amended Counterclaims and Third-Party Complaint, JHS failed to establish plausible evidence of such an assignment existing.

PLAINTIFF GIBSON BRANDS, INC.'S OPPOSITION TO DEFENDANT'S MOTION TO AMEND
FIRST AMENDED COUNTERCLAIMS

7

Third, JHS never consulted with Gibson or Bank of America's attorneys before filing the First Amended Counterclaims and Third-Party Complaint. [*See* Declaration of Kurt Schuettinger, *Esq.* attached hereto as Exhibit "**B**" at ¶ 4.] Common sense should have raised red flags regarding a major financial institution owning product design trademarks for use with guitars. Once JHS filed the First Amended Counterclaims and Third-Party Complaint, Gibson and Bank of America's counsel contacted counsel for JHS explaining there was no assignment but rather a security agreement. JHS' counsel was even provided the security agreement documents readily available on the USPTO's assignment database.

Despite being presented with evidence contrary to JHS' claim of Bank of America's ownership and despite being unable to present evidence or plausible legal theories to support its claim, JHS refused to voluntarily dismiss Bank of America from the suit. This refusal forced Bank of America to spend resources to defend itself and forced this Court to expend resources deciding the controversy, and forced a delay in the case of over a month. Ultimately, this Court found JHS' claim of Bank of America's ownership failed to state a plausible claim and found JHS' explanation implausible. [*See* Doc. No. 67 at 7.]

While JHS' Motion to Amend may not be made in bad faith, the circumstances leading up to the necessity of the Motion to Amend—adding Bank of America as the

owner to its First Amended Counterclaims and Third-Party Complaint—weighs towards denial of JHS' Motion to Amend. At the very least, this factor is neutral.

### B. JHS has unduly delayed this case given that JHS was aware this entire time that Gibson was the owner of its trademarks.

"Although delay alone 'is not a dispositive factor in the amendment analysis, it is relevant, especially when no reason is given for the delay.'" *See Pickett v. Schwarzenegger*, No. CV 08-03955 DDP (EX), 2010 WL 140386, at *5 (C.D. Cal. Jan. 11, 2010) *(citing Lockheed Martin Corp. v. Network Solutions, Inc.,* 194 F.3d 980, 986 (9th Cir.1999)). "Further, a finding of undue delay is justified where the 'new facts' underlying the amendment were previously available to the party seeking amendment.'" *Id.* (citing *Chodos v. West Publishing Co.,* 292 F.3d 992, 1003 (9th Cir.2002) (affirming denial of motion for leave to amend where "new facts" were available prior to the filing of the proposed first amended complaint).

Here, the only "new facts" that JHS could seek to add in its Second Amended Counterclaim is that Gibson (not Bank of America) is the owner of the Gibson Trademarks. This does not constitute a "new fact" as JHS alleged this very same thing in its first counterclaim. [*See* Doc. No 19 at ¶¶ 92, 97, 102, 107, and 117.] Consequently, this factor weighs towards denial of the motion.

### C. Gibson will be Prejudiced if the Motion to Amend is Granted

Gibson will suffer prejudice if this Court grants JHS (yet again) leave to amend. There is no preliminary injunction in this case preventing JHS from selling the allegedly infringing goods during the pendency of the case. [*See* Berryman Dec. at ¶¶ 7-11.] Continued sale of these JHS goods, if found to be infringing, is irreparably harming Gibson. "[I]rreparable harm is especially likely in a trademark case because of the difficulty of quantifying the likely effect on a brand of a nontrivial period of consumer confusion (and the interval between the filing of a trademark infringement complaint and final judgment is sure not to be trivial)." *Kraft Foods Group Brands LLC v. Cracker Barrel Old Country Store, Inc.*, 735 F.3d 735, 741 (7th Cir. 2013). Trademark infringement cases involve the strong potential for irreparable harm to occur against the trademark owner by losing control and goodwill in the trademark. *Id.* Gibson is losing valuable built up goodwill and control of its registered trademarks every time a consumer is confused between the JHS infringing goods and authentic Gibson goods. [*See* Berryman Dec. at ¶¶ 7-11.]

In addition to the irreparable harm caused by consumer confusion, Gibson is also losing revenue by allowing JHS to sell potentially infringing goods during the pendency of this case. When distributors see infringing goods in the marketplace, it reduces the value of the Gibson brand. [*See Id.*] The potential revenue lost would be nearly impossible to quantify. [*See Id.*]

JHS is correct in its assessment that this case is procedurally in the early stages of discovery. Gibson, however, filed its Complaint nearly a year ago. In that year, Gibson has had to defend itself against a motion to transfer venue, deficient affirmative defenses and counterclaims, and against JHS' attempt to add Bank of America to this case without a legal theory or evidence to support the claim. Now, JHS pleads this Court to allow it to correct its attempt to drag Bank of America into this litigation. Another undue delay while JHS attempts once again to cure the deficiencies in its counterclaims would result in prejudice to Gibson. This factor weighs heavily against granting JHS' Motion to Amend.

### D. The removal of the fraud allegations is futile.

JHS' Second Amended Counterclaims ("SAC") attached to the Motion to Amend removes the fraud allegations from the First Amended Counterclaims. This amendment is unnecessary as the fraud allegations were dismissed by this Court in its Oct. 23, 2014 Order. JHS was given leave to amend their fraud allegations but chose not to. [*See* Doc. No. 57 at 16.] Consequently, this factor weighs towards denial of the motion or is at least neutral.

### E. This Court has given JHS ample opportunities to amend its Counterclaims.

JHS first filed its Answer with counterclaims on May 30, 2014. As the counterclaims were boilerplate, this Court dismissed all for failure to state a claim on August 22, 2014, but granted JHS leave to amend its six counterclaims and nine

affirmative defenses. [*See* Doc. No. 29.] JHS filed its Amended Answer and First Amended Counterclaims and Third-Party Complaint on September 5, 2014. [*See* Doc. No. 30.] JHS named Bank of America as the third-party without leave of the Court. On October 23, 2014, this Court dismissed the fraud allegations in the affirmative defenses and counterclaims with leave to amend. [*See* Doc. No. 57.] JHS has been given two chances by this Court to amend its counterclaims to state a claim for cancellation of the six marks at issue. It has failed. Now, JHS must ask this Court for leave to amend the counterclaims to remove a party in which it added without the required leave of the Court. This factor favors a denial of the Motion to Amend.

## IV. CONCLUSION

Throughout the pendency of this case, JHS has presented this Court with legal theories either lacking in supporting facts or deficient on their face. It is possible to construe these legal theories as a bad faith attempt to stall the litigation. A trademark registration is not necessary for a claim of trademark infringement. Gibson must prove it owns a valid trademark as part of its *prima facie* case of trademark infringement and believes it can do so with or without a trademark registration. The outcome of this case will turn on whether Gibson owns valid trademarks (non-generic), not on whether there is a trademark registration in place. Granting JHS leave to once again amend its deficient counterclaims for trademark cancellation will irreparably harm Gibson and allow JHS to use legal gamesmanship to continue to stall the proceedings. Accordingly, Gibson

respectfully requests that this Court deny JHS Motion to Amend its First Amended Counterclaims.

Respectfully submitted, this 22nd day of December 2014.

BATES & BATES, LLC

By: /s/Andrea E Bates
ANDREA E. BATES
California Bar No. 192491
KURT W. SCHUETTINGER
California Bar No. 295879
1890 Marietta Boulevard
Atlanta, Georgia 30318
(404) 228-7439

Attorneys for PLAINTIFF
GIBSON BRANDS, INC.

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the Plaintiff's Memorandum of Law in Opposition of Defendant's Motion to Amend First Amended Counterclaims was furnished through the Court's CM/ECF System, Addressed to:

John K. Buche
Lindsay D. Molnar
Buche and Associates PC
9100 Wilshire Boulevard Suite 445 East Tower
Beverly Hills, CA 90212
858-459-9111
jbuche@buchelaw.com
lmolnar@buchelaw.com


Brent M. Davis
Ronald S. Bienstock
Bienstock and Michael PC
411 Hackensack Avenue
Hackensack, NJ 07601
201-525-0300
bdavis@musicesq.com
rbienstock@musicesq.com

Respectfully submitted, this 22nd day of December, 2014.

BATES & BATES, LLC

/s/ Andrea E. Bates
ANDREA E. BATES

---

PLAINTIFF GIBSON BRANDS, INC.'S OPPOSITION TO DEFENDANT'S MOTION TO AMEND
FIRST AMENDED COUNTERCLAIMS
14