O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIBSON BRANDS, INC., a Delaware corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOHN HORNBY SKEWES & CO. LTD.,<br><br>　　　　Defendant.<br>_____ | ) Case No. CV 14-00609 DDP (SSx)<br>)<br>) **ORDER DENYING MOTION FOR LEAVE TO**<br>) **AMEND COUNTERCLAIMS**<br>)<br>) [Dkt. No. 68]<br>)<br>)<br>)<br>)<br>)<br>) |

　　Presently before the Court is Defendant's Motion for Leave to Amend Counterclaims. (Dkt. No. 68.) Defendant asks to be allowed to amend its First Amended Counterclaim in response to the Court's orders dismissing claims based on fraud on the Patent Office and a third-party complaint alleging that Bank of America was the true owner of the trademarks at issue in this case. (See Dkt. Nos. 57, 67.)

　　"[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend should be given in the absence of some

reason not to, including, *but not limited to*, "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962).

In this case, there are several reasons not to grant leave to amend.  The most important is simple economy: Defendant does not propose to add any new allegations or information to its counterclaims; it simply wishes to conform the pleading to the Court's previous orders.  (Df.'s Memo. P. & A. at 1:5-10.)  There is some appeal to the idea of working from a clean copy of a pleading, free from extraneous matters already decided by the court.  But in this case the other claims – based on fraud and Bank of America's ownership of the marks – are so neatly separable from the remaining counterclaims – based on genericness – that there is little risk of confusion.  The Court, Plaintiff, and Defendant are all well aware of the remaining issues to be litigated.  Thus, while the amendments would not be "futile," precisely, they would also not add anything to the Court's or the parties' understanding of the issues.

Given that the amendments are unnecessary, another round of amendment at this point would also seem to run against the general policy favoring speedy resolution of cases on the merits and the Court's own interest in docket management.

Meanwhile, Plaintiff alleges, plausibly, irreparable harm to the distinctiveness of its putative mark if the litigation is dilated unnecessarily.  Assuming Plaintiff actually does hold marks

in the designs at issue, the longer the litigation goes on, and the longer Defendant and others can infringe the marks, the greater the potential damage to the distinctiveness of the marks in the mind of the buying public.  Thus, apart from general concerns about judicial economy and speedy resolution on the merits, there is ample reason to move things to the merits stage in a timely manner.

Therefore, the Court DENIES the motion to amend.

IT IS SO ORDERED.

Dated: January 6, 2015

DEAN D. PREGERSON
United States District Judge