O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIBSON BRANDS, INC., a Delaware corporation,<br><br>               Plaintiff,<br><br>   v.<br><br>JOHN HORNBY SKEWES & CO. LTD.,<br><br>               Defendants. | Case No. CV 14-00609 DDP (SSx)<br><br>**ORDER RE ATTORNEYS' FEES** |

    Presently before the Court is Plaintiff Gibson Brands, Inc.'s application for attorneys' fees and costs pursuant to this Court's Order re Motion for Disqualification. (Order, dkt. no. 106; Application, dkt. no. 107.) After considering the Plaintiff's submission, the Court adopts the following Order.

**I.    BACKGROUND**

    On December 1, 2015, Plaintiff filed a noticed motion to disqualify defense counsel Bienstock & Michael. (Dkt. No. 92.) Plaintiff alleged that defense counsel had privileged attorney work product in its possession for about a year before disclosing the documents to Plaintiff. (Id.) The alleged work product was an email between Plaintiff's in-house counsel and a proposed expert

for a different case asserting the same trademarks that are asserted in this case; the same expert was later hired as an expert in this case. (Id.) Defendant opposed the motion. (Dkt. No. 99.) The Court heard oral argument on January 11, 2016. (Dkt. No. 103.) At the hearing, the Court requested further briefing from Plaintiff as to what kind of ancillary relief it sought and what it proposed to do with its expert. On January 15, 2016, Plaintiff filed its supplemental briefing. (Dkt. No. 104.)

On January 22, 2016, the Court issued its Order. (Dkt. No. 106). The Court held the emails at issue were attorney work product. (Id. at 9.) However, the Court noted that this was not a simple clawback or third party disclosure case, and responsibility for the situation fell on both Plaintiff and defense counsel. (Id. 10-13.) The Court denied Plaintiff's motion to disqualify defense counsel, but did extend the expert discovery deadline so Plaintiff could hire a new expert. (Id. at 12.)

The Court noted that "[t]here are counterbalancing concerns that the Court has with the conduct of both sides to this dispute. The more significant harm, the court believes, is Bienstock & Michael's failure to timely acknowledge receipt of work product material." (Id.) Thus, the Court held that it would award "reasonable attorneys' fees connected to Plaintiff's costs in bringing" the motion. (Id.) The Court noted it would "make adjustments as it deems appropriate given the counterbalancing concerns" the Court noted in its Order. (Id. at 13 & n.3.)

Plaintiff filed its supplemental briefing regarding attorneys' fees and costs in bringing the motion on February 1, 2016. (Dkt. No. 107.)

## II. DISCUSSION

Plaintiff seeks $22,595.25 in attorneys' fees and $1,607.25 in costs for bringing the disqualification motion. (Dkt. No. 107, Decl. Schuettinger ¶¶ 11-12.) Plaintiff provides a billing summary of the work performed and fees incurred by Plaintiff's attorneys in the disqualification motion. (Id., Ex. A.) Plaintiff also includes information providing for the education, training, and experience of the attorneys. (Id., Ex. B.) Lastly, Plaintiff provides legal argument and evidence that the rates charged by the attorneys are reasonable and compatible with the hourly rates charged by similar attorneys across the nation, and much lower than those charged by similar attorneys in the Los Angeles area. (Id. ¶¶ 6-10, Ex. C.)

The Court finds that Plaintiff has established the reasonableness of its attorneys' fees and costs, totaling $24,202.50. However, because the Court held that Plaintiff had contributed to the situation that led to the filing of the disqualification motion, the Court will reduce the fees to account for Plaintiff's responsibility. Therefore, the Court finds that a reduction of one-third of the total fees is an appropriate measure of the Plaintiff's responsibility in this case. Defendants are ordered to pay Plaintiff's attorneys' fees and costs in the total amount of $16,135.

IT IS SO ORDERED.

Dated: February 8, 2016

DEAN D. PREGERSON
United States District Judge