ANDREA E. BATES, ESQ. SBN 192491
Abates@Bates-Bates.com
KURT W. SCHUETTINGER, ESQ. SBN 295879
Kschuettinger@Bates-Bates.com
BATES & BATES, LLC
1890 Marietta Blvd
Atlanta, Georgia 30318
Phone (404) 228-7439
Fax     (404) 963-6231

Attorneys for
Plaintiff GIBSON BRANDS, INC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIBSON BRANDS, INC., a Delaware corporation, <br><br> Plaintiff, <br><br> vs. <br><br> JOHN HORNBY SKEWES & CO. LTD., a United Kingdom corporation and DOES 1 through 10, <br><br> Defendants. | ) Case No. CV 2:14-00609-DDP-SS <br> ) <br> ) Hon. Dean D. Pregerson <br> ) <br> ) **AGREED UPON JURY** <br> ) **INSTRUCTIONS** <br> ) <br> ) Complaint filed: January 27, 2014 <br> ) <br> ) Pretrial Conf.: February 13, 2017 <br> ) <br> ) Trial: February 28, 2017 <br> ) <br> ) <br> ) |

AGREED UPON JURY INSTRUCTIONS
1

# INDEX (AGREED UPON)

| NO. | TITLE | SOURCE | PAGE NO. |
|---|---|---|---|
| 1 | Duty of Jury | Manual of Model Civil Jury Instructions for the Ninth Circuit (2007 Edition with Online Updates through 1/2017) (hereinafter "9th Cir.") Instruction 1.2 | 7 |
| 2 | Duty of Jury | 9th Cir. 1.3 | 8 |
| 3 | Duty of Jury | 9th Cir. 1.4 | 9 |
| 4 | Claims & Defenses | 9th Cir. 5.5 | 10 |
| 5 | Burden of Proof-Preponderance of the Evidence | 9th Cir. 1.6 | 11 |
| 6 | Burden of Proof-Clear and Convincing Evidence | 9th Cir. 1.7; *Colorado v. New Mexico*, 467 U.S. 310, 316 (1984) | 12 |
| 7 | What is Evidence | 9th Cir. 1.9 | 13 |
| 8 | What is Not Evidence | 9th Cir. 1.10 | 14 |
| 9 | Evidence for a Limited Purpose | 9th Cir. 1.11 | 15 |
| 10 | Direct and Circumstantial Evidence | 9th Cir. 1.12 | 16 |
| 11 | Ruling on Objections | 9th Cir. 1.13 | 17 |
| 12 | Credibility of Witnesses | 9th Cir. 1.14 | 18-19 |
| 13 | Conduct of Jury | 9th Cir. 1.15 | 20-21 |
| 14 | No Transcript Available | 9th Cir. 1.17 | 22 |
| 15 | Taking Notes | 9th Cir. 1.18 | 23 |
| 16 | Bench Conferences | 9th Cir. 1.20 | 24 |
| 17 | Outline of Trial | 9th Cir. 1.21 | 25 |
| 18 | Stipulations of Fact | 9th Cir. 2.2 | 26 |
| 19 | Judicial Notice | 9th Cir. 2.3 | 27 |
| 20 | Deposition in Lieu of Live Testimony | 9th Cir. 2.4 | 28 |
| 21 | Impeachment Evidence-Witness | 9th Cir. 2.9 | 29 |
| 22 | Use of Interrogatories | 9th Cir. 2.11 | 30 |

| NO. | TITLE | SOURCE | PAGE NO. |
|---|---|---|---|
| 23 | Use of Requests for Admission | 9th Cir. 2.12 | 31 |
| 24 | Expert Opinion | 9th Cir. 2.13 | 32 |
| 25 | Charts and Summaries Not Received in Evidence | 9th Cir. 2.14 | 33 |
| 26 | Charts and Summaries Received in Evidence | 9th Cir. 2.15 | 34 |
| 27 | Evidence in Electronic Format | 9th Cir. 2.16 | 35 |
| 28 | Duty to Deliberate | 9th Cir. 3.1 | 36 |
| 29 | Consideration of Evidence-Conduct of the Jury | 9th Cir. 3.2 | 37-38 |
| 30 | Communication with the Court | 9th Cir. 3.3 | 39 |
| 31 | Readback or Playback | 9th Cir. 3.4 | 40 |
| 32 | Return of Verdict | 9th Cir. 3.5 | 41 |
| 33 | Additional Instructions of Law | 9th Cir. 3.6 | 42 |
| 34 | Deadlocked Jury | 9th Cir. 3.7 | 43 |
| 35 | Continuing Deliberations After Juror is Discharged | 9th Cir. 3.8 | 44 |
| 36 | Corporations and Partnerships | 9th Cir. 4.1 | 45 |
| 37 | Liability of Corporations-Scope not Authority Not in Issue | 9th Cir. 4.2 | 46 |
| 38 | Damages-Proof | 9th Cir. 5.1; 15 U.S.C. 1117 | 47 |
| 39 | Measures of Types of Damages | 9th Cir. 5.2; 15 U.S.C. § 1117(a) | 48 |
| 40 | Damages-Mitigation | 9th Cir. 5.3 | 49 |
| 41 | Punitive Damages | 9th Cir. 5.5 | 50 |
| 45 | Trademark Liability-Theories and Policies | 9th Cir. 15.5; *Mattel, Inc. v. Walking Mountain Productions*, 353 F.3d 792, 806-07 (9th Cir. 2003); *Thane Int'l v. Trek Bicycle* | 51 |

| NO. | TITLE | SOURCE | PAGE NO. |
|---|---|---|---|
| | | *Corp.*, 305 F.3d 894, 900-01 (9th Cir. 2002); *Rice v. Fox Broad. Co.*, 330 F.3d 1170, 1180 (9th Cir. Cal. 2003); *Jada Toys, Inc. v. Mattel, Inc.*, 518 F.3d 628, 635-36 (9th Cir. 2007) | |
| 46 | Infringement-Elements and Burden of Proof-Trademark and Unfair Competition | 9th Cir. 15.6; *La Quinta Worldwide LLC v. Q.R.T.M., S.A. de C.V.*, 762 F.3d 867, 873 (9th Cir. 2014) (use in commerce an element, not jurisdictional); *Brookfield Communications, Inc. v. West Coast Entertainment Corp.*, 174 F.3d 1036, 1046-47 n.8 (9th Cir. 1999) (trademark infringement elements under § 1114 or § 1125(a) are identical); *Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1180 (9th Cir. 1988) (analysis of state trademark infringement and unfair competition claims is the same as the corresponding federal claims). | 52 |
| 47 | Infringement-Elements and Burden of Proof-Trade Dress | 9th Cir. 15.7 | 53 |
| 49 | Infringement-Elements and Burden of Proof-Presumed Distinctiveness, Nonfunctionality, and Ownership-Supplemental Register Marks | 9th Cir. 15.8; 15 U.S.C. §1091 | 54 |
| 55 | Unfair Competition; | *New West Corp. v. NYM Co. of* | 55 |

| NO. | TITLE | SOURCE | PAGE NO. |
|---|---|---|---|
| | False Designation of Origin; Trade Dress-Elements-Likelihood of Confusion | *California, Inc.*, 595 F.2d 1194, 1201 (9th Cir. 1997); *Classic Instruments, Inc. v. VDO-Argo Instruments, Inc.*, 73 Or. App. 732, 737, 700 P.2d 677, 684 (1985); *Westinghouse Electric v. General Circuit Breaker*, 41 USPQ2d 1741 (9th Cir. 1997). | |
| 56 | False Advertising | 9th Cir. 15.4 Comment; *Rice v. Fox Broad. Co.*, 330 F.3d 1170, 1180 (9th Cir. Cal. 2003). | 56 |
| 57 | Trademark Dilution | 15 U.S.C. § 1125(c); *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1324 (9th Cir. 1998); *Nissan Motor Co. v. Nissan Computer Corp.*, 378 F.3d 1002, 1011 (9th Cir. 2004) | 57 |
| 59 | Trademark Dilution-Blurring and Tarnishment | 15 U.S.C. § 1125(c)(2) | 58 |
| 61 | Trademark Infringement Damages-Defendant's Profits | 9th Cir. 15.29 | 59 |
| 62 | Trademark Infringement Damages-Defendant's Profits-Willfulness | *Razor USA LLC v. Vizio, Inc.*, No. CV 14-01586 SJO, 2015 WL 12656941, at *5-6 (C.D. Cal. Oct. 19, 2015); *Lindy Pen Co., Inc. v. Bic Pen Corp.*, 982 F.2d 1400, 1406 (9th Cir. 1993); *AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348 (9th Cir. 1979). | 60 |
| 64 | Trademark Dilution-Damages-Defendant's Profits | 15 U.S.C. § 1117 | 61 |
| 65 | Unfair Competition-California-Punitive Damages | Judicial Council of California Civil Jury Instructions (CACI) No. 3945; Cal. Civ. Code § 3294; <u>Duncan v. Stuetzle</u>, 76 | 62-63 |

| NO. | TITLE | SOURCE | PAGE NO. |
|---|---|---|---|
|  |  | F.3d 1480, 1490 (9th Cir. 1996). |  |

### INSTRUCTION NO. 1

### DUTY OF JURY

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it.  You will be allowed to keep this set of instructions to refer to throughout the trial.  These instructions are not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, these instructions will be collected and I will give you a final set of instructions.  It is the final set of instructions that will govern your deliberations.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

Please do not read into these instructions or anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.

Authorities: Manual of Model Civil Jury Instructions for the Ninth Circuit (2007 Edition with Online Updates through 1/2017) (hereinafter "9th Cir."), Instruction 1.2

**INSTRUCTION NO. 2**

**DUTY OF JURY**

Members of the jury: You are now the jury in this case.  It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

At the end of the trial I will give you final instructions.  It is the final instructions that will govern your duties.

Please do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

Authorities:  9th Cir. 1.3

## **INSTRUCTION NO. 3**

### **DUTY OF JURY**

Members of the Jury: Now that you have heard all of the evidence [and the arguments of the attorneys], it is my duty to instruct you on the law that applies to this case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

Authorities:  9th Cir. 1.4

# INSTRUCTION NO. 4

## CLAIMS AND DEFENSES

To help you analyze the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff in this action is a company called Gibson Brands, Inc., which will be referred to as "Gibson." The defendant in this action is a company called John Hornby Skewes & Co. Ltd., which will be referred to as "JHS."

Gibson claims trademark rights in six separate guitar designs–four body shape designs and two headstock designs.  Gibson filed this action against JHS, bringing claims of trademark infringement, false designation of origin, false description of fact and representations and false advertising, trademark dilution, and trade dress infringement, all under federal law, as well as trademark infringement and unfair competition under California statutory and common law. Gibson has the burden of proving these claims.

JHS denies those claims and counterclaims cancellation of Gibson's trademark registrations based on Gibson's trademarks being invalid, as will be explained further below. JHS claims the affirmative defenses of waiver, estoppel and failure of Gibson to mitigate damages.  JHS has the burden of proof on the counterclaims.

Gibson denies the counterclaims and affirmative defenses.

Authorities:  9th Cir. 1.5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## INSTRUCTION NO. 5

## BURDEN OF PROOF–PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proving any claim [or affirmative defense] by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim [or affirmative defense] is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

Authorities:  9th Cir. 1.6

1

## INSTRUCTION NO. 6

## BURDEN OF PROOF–CLEAR AND CONVINCING EVIDENCE

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means that the party must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of the claim or defense are true. This is a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

<u>Authorities:</u>  9th Cir. 1.7; *Colorado v. New Mexico*, 467 U.S. 310, 316 (1984)

# INSTRUCTION NO. 7

## WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1.   the sworn testimony of any witness;

2.   the exhibits that are admitted into evidence;

3.   any facts to which the lawyers have agreed; and

4.   any facts that I [may instruct] [have instructed] you to accept as proved.

<u>Authorities:</u>  9th Cir. 1.9

# INSTRUCTION NO. 8

# WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

1.     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they [may say] [have said] in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.     Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3.     Testimony that is excluded or stricken, or that you [are] [have been] instructed to disregard, is not evidence and must not be considered.  In addition some evidence [may be] [was] received only for a limited purpose; when I [instruct] [have instructed] you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

Anything you may [see or hear] [have seen or heard] when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Authorities:  9th Cir. 1.10

**INSTRUCTION NO. 9**

**EVIDENCE FOR A LIMITED PURPOSE**

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

[The testimony [you are about to hear] [you have just heard] may be considered only for the limited purpose of [*describe purpose*] and not for any other purpose.]

Authorities:  9th Cir. 1.11

# INSTRUCTION NO. 10

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

Authorities:  9th Cir. 1.12

# INSTRUCTION NO. 11

## RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

Authorities:  9th Cir. 1.13

# INSTRUCTION NO. 12

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.      the opportunity and ability of the witness to see or hear or know the things testified to;

2.      the witness's memory;

3.      the witness's manner while testifying;

4.      the witness's interest in the outcome of the case, if any;

5.      the witness's bias or prejudice, if any;

6.      whether other evidence contradicted the witness's testimony;

7.      the reasonableness of the witness's testimony in light of all the evidence; and

8.      any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

AGREED UPON JURY INSTRUCTIONS
18

1

2

<u>Authorities:</u>  9th Cir. 1.14

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# INSTRUCTION NO. 13

## CONDUCT OF JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it[,although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If

you happen to read or hear anything touching on this case in the media, turn
away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that
has been presented here in court. Witnesses here in court take an oath to tell the truth, and
the accuracy of their testimony is tested through the trial process. If you do any research or
investigation outside the courtroom, or gain any information through improper
communications, then your verdict may be influenced by inaccurate, incomplete or
misleading information that has not been tested by the trial process. Each of the parties is
entitled to a fair trial by an impartial jury, and if you decide the case based on information not
presented in court, you will have denied the parties a fair trial. Remember, you have taken an
oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings [,
and a mistrial could result that would require the entire trial process to start over]. If any
juror is exposed to any outside information, please notify the court immediately.

Authorities: 9th Cir. 1.15

# INSTRUCTION NO. 14

## NO TRANSCRIPT AVAILABLE

I urge you to pay close attention to the trial testimony as it is given.  During deliberations you will not have a transcript of the trial testimony.

Authorities:  9th Cir. 1.17

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**<u>INSTRUCTION NO. 15</u>**

**TAKING NOTES**

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you go to the jury room to decide the case.  Do not let notetaking distract you.  When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room].  No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence.

Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

<u>Authorities:</u>  9th Cir. 1.18

# INSTRUCTION NO. 16

## BENCH CONFERENCES AND RECESSES

From time to time during the trial, it [may become] [became] necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury [is] [was] present in the courtroom, or by calling a recess. Please understand that while you [are] [were] waiting, we [are] [were] working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we [will do] [have done] what we [can] [could] to keep the number and length of these conferences to a minimum. I [may] [did] not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

Authorities:  9th Cir. 1.20

# INSTRUCTION NO. 17

## OUTLINE OF TRIAL

Trials proceed in the following way:  First, each side may make an opening statement. An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine.  Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

Authorities:  9th Cir. 1.21

1

## INSTRUCTION NO. 18

## STIPULATIONS OF FACT

The parties have agreed to certain facts [to be placed in evidence as Exhibit     ] [that will be read to you].  You must therefore treat these facts as having been proved.

Authorities:  9th Cir. 2.2

# INSTRUCTION NO. 19

## JUDICIAL NOTICE

The court has decided to accept as proved the fact that [*state fact*].  You must accept this fact as true.

<u>Authorities:</u>  9th Cir. 2.3

## INSTRUCTION NO. 20

## DEPOSITION IN LIEU OF LIVE TESTIMONY

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.  [When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.]

The deposition of [*name of witness*] was taken on [*date*].  Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

[Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.]

Authorities:  9th Cir. 2.4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## INSTRUCTION NO. 21

### IMPEACHMENT EVIDENCE–WITNESS

The evidence that a witness [e.g., has been convicted of a crime, lied under oath on a prior occasion, etc.] may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

<u>Authorities:</u>  9th Cir. 2.9

# INSTRUCTION NO. 22

## USE OF INTERROGATORIES

Evidence [will now be] [was] presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side.  These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures.  You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

<u>Authorities:</u>  9th Cir. 2.11

**<u>INSTRUCTION NO. 23</u>**

**USE OF REQUESTS FOR ADMISSION**

Evidence [will now be] [was] presented to you in the form of admissions to the truth of certain facts.  These admissions were given in writing before the trial, in response to requests that were submitted under established court procedures.  You must treat these facts as having been proved.

<u>Authorities</u>:  9th Cir. 2.12

## INSTRUCTION NO. 24

### EXPERT OPINION

You [have heard] [are about to hear] testimony from [*name*] who [testified] [will testify] to opinions and the reasons for [his] [her] opinions. This opinion testimony is allowed, because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

<u>Authorities:</u>  9th Cir. 2.13

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **INSTRUCTION NO. 25**

## **CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

Certain charts and summaries not admitted into evidence [may be] [have been] shown to you in order to help explain the contents of books, records, documents, or other evidence in the case.  Charts and summaries are only as good as the underlying evidence that supports them.

You should, therefore, give them only such weight as you think the underlying evidence deserves.

Authorities:  9th Cir. 2.14

1

## **INSTRUCTION NO. 26**

## **CHARTS AND SUMMARIES RECEIVED IN EVIDENCE**

Certain charts and summaries [may be] [have been] admitted into evidence to illustrate information brought out in the trial.  Charts and summaries are only as good as the testimony or other admitted evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

Authorities:  9th Cir. 2.15

# INSTRUCTION NO. 27

## EVIDENCE IN ELECTRONIC FORMAT

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer, projector, printer and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits. You will also be provided with a paper list of all exhibits received in evidence. You may request a paper copy of any exhibit received in evidence by sending a note through the [clerk] [bailiff].) If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the [clerk] [bailiff], signed by your foreperson or by one or more members of the jury. Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with [the clerk] [the bailiff] present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any non juror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any non juror other than to describe the technical problem or to seek information about operation of the equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material. Do not attempt to alter the computer to obtain access to such materials. If you discover that the computer provides or allows access to such materials, you must inform the court immediately and refrain from viewing such materials. Do not remove the computer or any electronic data [disk] from the jury room, and do not copy any such data.

Authorities:  9th Cir. 2.16

# INSTRUCTION NO. 28

## DUTY TO DELIBERATE

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Authorities:  9th Cir. 3.1

# INSTRUCTION NO. 29

## CONSIDERATION OF EVIDENCE–CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it[, although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a

fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and a mistrial could result that would require the entire trial process to start over].  If any juror is exposed to any outside information, please notify the court immediately.

Authorities:  9th Cir. 3.2

## <u>INSTRUCTION NO. 30</u>

## COMMUNICATION WITH THE COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [clerk] [bailiff], signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing.  I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

<u>Authorities:</u>  9th Cir. 3.3

# INSTRUCTION NO. 31

## READBACK OR PLAYBACK

Because a request has been made for a [readback] [playback] of the testimony of [*witness's name*] it is being provided to you, but you are cautioned that all [readbacks] [playbacks] run the risk of distorting the trial because of overemphasis of one portion of the testimony. [Therefore, you will be required to hear all the witness's testimony on direct and cross- examination, to avoid the risk that you might miss a portion bearing on your judgment of what testimony to accept as credible.] [Because of the length of the testimony of this witness, excerpts will be [read] [played].] The [readback] [playback] could contain errors. The [readback] [playback] cannot reflect matters of demeanor [, tone of voice,] and other aspects of the live testimony.  Your recollection and understanding of the testimony controls.  Finally, in your exercise of judgment, the testimony [read] [played] cannot be considered in isolation, but must be considered in the context of all the evidence presented.

Authorities:  9th Cir. 3.4

1
2
3

## INSTRUCTION NO. 32

## RETURN OF VERDICT

4    A verdict form has been prepared for you.  [*Explain verdict form as needed.*]  After you
5  have reached unanimous agreement on a verdict, your [presiding juror] [foreperson] should
6  complete the verdict form according to your deliberations, sign and date it, and advise the
   [clerk] [bailiff] that you are ready to return to the courtroom.

7
8  Authorities:  9th Cir. 3.5
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# INSTRUCTION NO. 33

## ADDITIONAL INSTRUCTIONS OF LAW

At this point I will give you an additional instruction.  By giving an additional instruction at this time, I do not mean to emphasize this instruction over any other instruction.

You are not to attach undue importance to the fact that this instruction was read separately to you.  You must consider this instruction together with all of the other instructions that were given to you.

[*Insert text of new instruction*.]

You will now retire to the jury room and continue your deliberations.

Authorities:  9th Cir. 3.6

# INSTRUCTION NO. 34

## DEADLOCKED JURY

Members of the jury, you have advised that you have been unable to agree upon a verdict in this case. I have decided to suggest a few thoughts to you.

As jurors, you have a duty to discuss the case with one another and to deliberate in an effort to reach a unanimous verdict if each of you can do so without violating your individual judgment and conscience. Each of you must decide the case for yourself, but only after you consider the evidence impartially with the other jurors. During your deliberations, you should not be unwilling to reexamine your own views and change your opinion if you become persuaded that it is wrong. However, you should not change an honest belief as to the weight or effect of the evidence solely because of the opinions of the other jurors or for the mere purpose of returning a verdict.

All of you are equally honest and conscientious jurors who have heard the same evidence.

All of you share an equal desire to arrive at a verdict. Each of you should ask yourself whether you should question the correctness of your present position.

I remind you that in your deliberations you are to consider the instructions I have given you as a whole. You should not single out any part of any instruction, including this one, and ignore others. They are all equally important.

You may now return to the jury room and continue your deliberations.

Authorities: 9th Cir. 3.7

# INSTRUCTION NO. 35

## CONTINUING DELIBERATIONS AFTER JUROR IS DISCHARGED

[One] [some] of your fellow jurors [has] [have] been excused from service and will not participate further in your deliberations. You should not speculate about the reason the [juror is] [jurors are] no longer present.

You should continue your deliberations with the remaining jurors. Do not consider the opinions of the excused [juror] [jurors] as you continue deliberating. All the previous instructions given to you still apply, including the requirement that all the remaining jurors unanimously agree on a verdict.

Authorities: 9th Cir. 3.8

1

## <u>INSTRUCTION NO. 36</u>

2

**CORPORATIONS AND PARTNERSHIPS–FAIR TREATMENT**

3

4    All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

5

6    <u>Authorities:</u>  9th Cir. 4.1

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>INSTRUCTION NO. 37</u>

## LIABILITY OF CORPORATIONS–SCOPE NOT AUTHORITY NOT IN ISSUE

Under the law, a corporation is considered to be a person. It can only act through its employees, agents, directors, or officers.  Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

<u>Authorities:</u>  9th Cir. 4.2

# INSTRUCTION NO. 38

## DAMAGES–PROOF

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff, you must determine the plaintiff's damages.  The plaintiff has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant.  You should consider the following:

The Lanham Act permits the award of monetary remedies in trademark infringement cases includes an award of defendant's profits, and any damages sustained by plaintiff.  In assessing profits the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

Authorities:  9th Cir. 5.1; § 15 U.S.C. 1117

# INSTRUCTION NO. 39

## MEASURES OF TYPES OF DAMAGES

If you find for Gibson on its federal trademark infringement or unfair competition claims, you may award Plaintiffs:

1. Actual Damages; and
2. Defendant's Profits

I will instruct you as to the requirements for each award and provide guidance as to how to calculate those awards.


<u>Authorities</u>: 9th Cir. 5.2; 15 U.S.C. § 1117(a).

# INSTRUCTION NO. 40

## DAMAGES–MITIGATION

The plaintiff has a duty to use reasonable efforts to mitigate damages.  To mitigate means to avoid or reduce damages.

The defendant has the burden of proving by a preponderance of the evidence:

1.  that the plaintiff failed to use reasonable efforts to mitigate damages; and
2.  the amount by which damages would have been mitigated.

Authorities:  9th Cir. 5.3

# INSTRUCTION NO. 41

## PUNITIVE DAMAGES

If you find for the plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

The plaintiff has the burden of proving by clear and convincing evidence that punitive damages should be awarded and, if so, the amount of any such damages.

You may award punitive damages only if you find that the defendant's conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct.

Authorities: 9th Cir. 5.5

# INSTRUCTION NO. 45

## TRADEMARK LIABILITY–THEORIES AND POLICIES
### (15 U.S.C. §§ 1114(1), 1125(a))

The trademark laws balance three often-conflicting goals:  1) protecting the public from being misled about the nature and source of goods and services, so that the consumer is not confused or misled in the market; 2) protecting the rights of a business to identify itself to the public and its reputation in offering goods and services to the public; and 3) protecting the public interest in fair competition in the market.

The balance of these policy objectives vary from case to case, because they may often conflict.  Accordingly, each case must be decided by examining its specific facts and circumstances, of which you are to judge.

In my instructions, I will identify types of facts you are to consider in deciding if the defendant is liable to the plaintiff for violating the trademark law.  These facts are relevant to whether the defendant is liable for:

1.      infringing Gibson's registered trademark rights, by using a trademark in a manner likely to cause confusion among consumers;

2.      unfairly competing, by using a trademark in a manner likely to cause confusion as to the origin or quality of Gibson's goods;

3.      false advertising, by making a false statement that was material and that tended to deceive consumers, injuring the plaintiff in the market; and

4.      diluting Gibson's registered trademarks by eroding the public's exclusive identification of that mark with Gibson and the reputation of the Gibson trademarks;

Authorities:  9th Cir. 15.5; *Mattel, Inc. v. Walking Mountain Productions*, 353 F.3d 792, 806-07 (9th Cir. 2003); *Thane Int'l v. Trek Bicycle Corp.*, 305 F.3d 894, 900-01 (9th Cir. 2002); *Rice v. Fox Broad. Co.*, 330 F.3d 1170, 1180 (9th Cir. Cal. 2003); *Jada Toys, Inc. v. Mattel, Inc.*, 518 F.3d 628, 635-36 (9th Cir. 2007)

# INSTRUCTION NO. 46

## INFRINGEMENT–ELEMENTS AND BURDEN OF PROOF–TRADEMARK AND UNFAIR COMPETITION

On Gibson's claim for trademark infringement, Gibson has the burden of proving each of the following elements by a preponderance of the evidence:

1.     The designs represented in the registrations listed in Instruction 43 are valid, protectable trademarks;

2.     Gibson owns designs represented in the registrations listed in Instruction 43 as trademarks; and

3.     JHS used, in U.S. commerce, designs similar to designs represented in the registrations listed in Instruction 43 without the consent of Gibson in a manner that is likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of the goods.

If you find that each of the elements on which Gibson has the burden of proof has been proved, your verdict should be for Gibson.  If, on the other hand, Gibson has failed to prove any of these elements, your verdict should be for JHS.

Authorities:  9th Cir. 15.6; *La Quinta Worldwide LLC v. Q.R.T.M., S.A. de C.V.*, 762 F.3d 867, 873 (9th Cir. 2014) (use in commerce an element, not jurisdictional); *Brookfield Communications, Inc. v. West Coast Entertainment Corp.*, 174 F.3d 1036, 1046-47 n.8 (9th Cir. 1999) (trademark infringement elements under § 1114 or § 1125(a) are identical); *Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1180 (9th Cir. 1988) (analysis of state trademark infringement and unfair competition claims is the same as the corresponding federal claims).

# INSTRUCTION NO. 47

## INFRINGEMENT–ELEMENTS AND BURDEN OF PROOF–TRADE DRESS

On Gibson's claims for trade dress infringement, Gibson has the burden of proving by a preponderance of the evidence each of the following elements:

1.  the designs represented in the registrations listed in Instruction 43 are distinctive;

2.  Gibson owns the designs represented in the registrations listed in Instruction 43;

3.  the designs represented in the registrations listed in Instruction 43 are nonfunctional; and

4.  JHS used the trade dress without the consent of Gibson in a manner that is likely to cause confusion among relevant consumers as to the source, sponsorship, affiliation, or approval of JHS' goods.

If you find that each of the elements on which Gibson has the burden of proof has been proved, your verdict should be for the Gibson. If, on the other hand, Gibson has failed to prove any of these elements, your verdict should be for JHS.

Authorities:  9th Cir. 15.7

# INSTRUCTION NO. 49

## INFRINGEMENT–ELEMENTS AND BURDEN OF PROOF–PRESUMED DISTINCTIVENESS, NONFUNCTIONALITY, AND OWNERSHIP-SUPPLEMENTAL REGISTER MARKS

In instruction number 43, I explained that two (2) of Gibson's trademarks were registered on the Supplemental Register with the United States Patent and Trademark Office. Marks on the Supplemental Registration are not afforded the same presumptions as I explained in instruction number 48. Namely, trademarks/trade dress on the Supplemental Register do not carry a presumption of distinctiveness.

For both its trademark infringement and trade dress claims, Gibson must prove by a preponderance of the evidence that the trademark/trade dress is valid. As I explained in instruction number 46, Gibson must prove by a preponderance of the evidence that the trademarks on the Supplemental Register are valid, including the specific finding that the trademarks are distinctive–the consuming public recognizes the trademark as signifying Gibson as the origin of the guitar. To prove the trademarks have acquired distinctiveness, I will direct you to instruction number 50. Gibson must prove by a preponderance of the evidence that the secondary meaning was obtained before JHS commenced its alleged use of the trademarks.

In addition to distinctiveness, Gibson must prove by a preponderance of the evidence that the trademarks on the Supplemental Register are valid, including the specific finding that the trademarks are nonfunctional. To prove the trademarks are nonfunctional, I will direct you to instruction 51.

Only if you determine that Gibson has proved by a preponderance of the evidence that the two (2) trademarks on the Supplemental Register are valid, should you then consider whether JHS' actions infringed.

Exhibits ___ and ___ are certificates of registration from the United States Patent and Trademark Office for the Gibson trade dress on the Supplemental Register

Authorities:  9th Cir. 15.8; 15 U.S.C. §1091

1

## INSTRUCTION NO. 55

2

## UNFAIR COMPETITION; FALSE DESIGNATIONS OF ORIGIN; TRADE DRESS- ELEMENTS-LIKELIHOOD OF CONFUSION

3

4

5      Gibson has asserted a claim that falls under the category of claims known as "unfair competition." As you will see, this claim is very similar to a claim for trademark infringement.

6

7      Whether the violation is called infringement, unfair competition, or false designations of origin, or trade dress, the test is identical: "is there a likelihood of confusion?" Accordingly, in considering Plaintiffs' unfair competition and trade dress claims, you are to apply the same multi-factor test for likelihood of confusion described earlier for trademark infringement.

8

9

10

11      JHS is liable for unfair competition if (1) its products are likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Gibson, or (2) its products are likely to cause confusion, to cause mistake, or to deceive as to the origin, sponsorship, or approval of Defendant's goods by Gibson.

12

13

14      Authorities: *New West Corp. v. NYM Co. of California, Inc.*, 595 F.2d 1194, 1201 (9th Cir.1997); *Classic Instruments, Inc. v. VDO-Argo Instruments, Inc.*, 73 Or. App. 732, 737, 700 P.2d 677, 684 (1985); *Westinghouse Electric v. General Circuit Breaker*, 41 USPQ2d 1741 (9th Cir. 1997).

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# INSTRUCTION NO. 56

## FALSE ADVERTISING

Gibson claims that JHS is liable for false advertising. To prove its claim, Gibson must prove the following facts by a preponderance of the evidence:

1. in advertisements, JHS made false statements of fact about its own or another's product;

2. those advertisements actually deceived or have the tendency to deceive a substantial segment of their audience;

3. such deception is material, in that it is likely to influence the purchasing decision;

4. JHS caused its falsely advertised goods to enter interstate commerce; and

5. Gibson has been or is likely to be injured as the result of the foregoing either by direct diversion of sales from itself to JHS, or by lessening of the goodwill which its products enjoy with the buying public.

There are two ways in which JHS' advertisement may be false or misleading: it may be literally false, or it may be literally true but misleading.

If you find that each of the elements on which Gibson has the burden of proof has been proved, your verdict should be for the Gibson. If, on the other hand, Gibson has failed to prove any of these elements, your verdict should be for JHS.


Authorities: 9th Cir. 15.4 Comment; *Rice v. Fox Broad. Co.*, 330 F.3d 1170, 1180 (9th Cir. Cal. 2003).

# INSTRUCTION NO. 57

## TRADEMARK DILUTION

Gibson has asserted claims for trademark dilution under Federal law.

Under Federal law, trademark dilution is the lessening of the capacity of a famous and distinctive mark or trade dress to identify and distinguish goods or services.  The purpose of the anti-dilution laws is to protect against the erosion of the trademark's value, or the tarnishment of the trademark's image.

In order to prove a violation, a plaintiff must show that, by a preponderance of the evidence, (1) the mark is famous and distinctive; (2) the defendant is making use of the mark in commerce; (3) the defendant's use began after the mark became famous; and (4) the defendant's use of the mark is likely to cause dilution by blurring or dilution by tarnishment.

Federal law does not require a showing of competition or likelihood of confusion to succeed on a dilution claim.

Authorities:  15 U.S.C.  § 1125(c); *Panavision Int'l,  L.P.  v. Toeppen*, 141 F.3d 1316, 1324 (9th Cir. 1998); *Nissan Motor Co. v. Nissan Computer Corp.*, 378 F.3d 1002, 1011 (9th Cir. 2004)

# INSTRUCTION NO. 59

## TRADEMARK DILUTION – BLURRING AND TARNISHMENT

Trademark Dilution can occur in two ways: Blurring and Tarnishment.

Dilution by blurring is association arising from the similarity between a mark and a famous mark that impairs the distinctiveness of the famous mark. In determining whether a mark is likely to cause dilution by blurring, the court may consider all relevant factors, including the following:

        (1)    The degree of similarity between the mark and the famous mark;

        (2)    The degree of distinctiveness of the famous mark;

        (3)    The extent to which the owner of the famous mark is engaging in substantially exclusive use of the mark;

        (4)    The degree of recognition of the famous mark;

        (5)    Whether the user of the mark intended to create an association with the famous mark;

        (6)    Any actual association between the mark and the famous mark.

Dilution by tarnishment is association arising from the similarity between a mark and a famous mark that harms the reputation of the famous mark.

If Gibson proves dilution either by blurring or by tarnishment, then you should find for Gibson. Gibson is not required to prove dilution both by blurring and by tarnishment.

Authorities:  15 U.S.C. § 1125(c)(2)

# INSTRUCTION NO. 61

## TRADEMARK INFRINGEMENT DAMAGES – DEFENDANT'S PROFITS (15 U.S.C. § 1117(a))

In addition to actual damages, Gibson is entitled to any profits earned by Defendant that are attributable to the infringement, which Gibson proves by a preponderance of the evidence. You may not, however, include in any award of profits any amount that you took into account in determining actual damages.

Profit is determined by deducting all expenses from gross revenue. Gross revenue is all of Defendant's receipts from using the trademark in the sale of a product. Plaintiff has the burden of proving Defendant's gross revenue by a preponderance of the evidence.

Gross revenue is all of defendant's receipts from using the trademarks in the sale of a guitar.  The plaintiff has the burden of proving a defendant's gross revenue by a preponderance of the evidence.

Expenses are all operating and production costs incurred in producing the gross revenue. The defendant has the burden of proving the expenses and the portion of the profit attributable to factors other than use of the infringed trademark by a preponderance of the evidence.

Unless you find that a portion of the profit from the sale of the guitars using the mark is attributable to factors other than use of the trademark, you shall find that the total profit is attributable to the infringement.

Authorities: 9th Cir. 15.29

# INSTRUCTION NO. 62

## TRADEMARK INFRINGEMENT DAMAGES – DEFENDANT'S PROFITS – WILLFULNESS (15 U.S.C. § 1117(a))

Defendant's profits may be awarded as a restitutionary remedy or as a compensatory remedy.  If Gibson seeks JHS' profits as a compensatory remedy, based on JHS diverting profits from Gibson as a competitor in the same market, you must find that Gibson and JHS are in direct competition.

If you find JHS and Gibson are not in direct competition, Gibson can only seek a disgorgement of profits as a restitutionary remedy.  For this theory, Gibson must show JHS' willfully infringed Gibson's trademarks.  Willful infringement carries a connotation of deliberate intent to deceive.  JHS' actions must be willfully calculated to exploit the advantage of an established trademark.

Direct competition may be found when the goods produced by the alleged infringer compete for sales with those of the trademark owner.

Authorities:  *Razor USA LLC v. Vizio, Inc.*, No. CV 14-01586 SJO, 2015 WL 12656941, at *5-6 (C.D. Cal. Oct. 19, 2015); *Lindy Pen Co., Inc. v. Bic Pen Corp.*, 982 F.2d 1400, 1406 (9th Cir. 1993); *AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348 (9th Cir. 1979).

# INSTRUCTION NO. 64

## TRADEMARK DILUTION – DAMAGES – DEFENDANT'S PROFITS

If you find for Gibson on its dilution claim under Federal law, and you find that Defendant acted willfully, then Gibson is entitled to any profits earned by Defendant that are attributable to Defendant's dilution. I have already instructed you on the proper calculation of Defendant's profits and the parties' respective burdens under Instruction Nos. 70-71.

Authorities: 15 U.S.C. § 1117

# INSTRUCTION NO. 65

## UNFAIR COMPETITION – CALIFORNIA - PUNITIVE DAMAGES

If you decide that Defendant's conduct caused Plaintiff harm, you must decide whether that conduct justifies an award of punitive damages. The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the plaintiff and to discourage similar conduct in the future.

You may award punitive damages against Defendant only if Plaintiff proves that Defendant engaged in that conduct with malice, oppression, or fraud. To do this, Plaintiff must prove one of the following by clear and convincing evidence:

1. That the conduct constituting malice, oppression, or fraud was committed by one or more officers, directors, or managing agents of name of defendant, who acted on behalf of Defendant;

2. That the conduct constituting malice, oppression, or fraud was authorized by one or more officers, directors, or managing agents of Defendant; or

3. That one or more officers, directors, or managing agents of Defendant knew of the conduct constituting malice, oppression, or fraud and adopted or approved that conduct after it occurred.

"Malice" means that Defendant acted with intent to cause injury or that Defendant's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A person acts with knowing disregard when he or she is aware of the probable dangerous consequences of his or her conduct and deliberately fails to avoid those consequences.

"Oppression" means that Defendant's conduct was despicable and subjected Defendant to cruel and unjust hardship in knowing disregard of Defendant's rights.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that Defendant intentionally misrepresented or concealed a material fact and did so intending to harm Plaintiff.

An employee is a "managing agent" if he or she exercises substantial independent authority and judgment in his or her corporate decision making such that his or her decisions

ultimately determine corporate policy.

There is no fixed standard for determining the amount of punitive damages, and you are not required to award any punitive damages. If you decide to award punitive damages, you should consider all of the following in determining the amount:

(a) How reprehensible was Defendant's conduct?  In deciding how reprehensible Defendant's conduct was, you may consider, among other factors:
   1) Whether the conduct caused physical harm;
   2) Whether Defendant disregarded the health or safety of others;
   3) Whether Plaintiff was financially weak or vulnerable and Defendant knew Plaintiff was financially weak or vulnerable and took advantage of it;
   4) Whether Defendant's conduct involved a pattern or practice; and
   5) Whether Defendant acted with trickery or deceit.

(b) Is there a reasonable relationship between the amount of punitive damages and Plaintiff's harm or between the amount of punitive damages and potential harm to Plaintiff that Defendant knew was likely to occur because of its conduct??

(c) In view of Defendant's financial condition, what amount is necessary to punish it and discourage future wrongful conduct? You may not increase the punitive award above an amount that is otherwise appropriate merely because Defendant has substantial financial resources.  Any award you impose may not exceed Defendant's ability to pay.

Punitive damages may not be used to punish Defendant for the impact of its alleged misconduct on persons other than Plaintiff.

Authorities: Judicial Council of California Civil Jury Instructions (CACI) No. 3945; Cal. Civ. Code § 3294; Duncan v. Stuetzle, 76 F.3d 1480, 1490 (9th Cir. 1996).

1

2

3

4

Respectfully submitted, this 3rd day of March 2017.

5

BATES & BATES, LLC

6

By: /s/Andrea E Bates

7

ANDREA E. BATES

8

California Bar No. 192491

KURT W. SCHUETTINGER

9

California Bar No. 295879

10

1890 Marietta Boulevard

Atlanta, Georgia 30318

11

(404) 228-7439

12

13

Attorneys for PLAINTIFF

GIBSON BRANDS, INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**CERTIFICATE OF SERVICE**

2      I certify that a true and correct copy of the Agreed Upon Jury Instructions was

3 furnished through the Court's CM/ECF System, Addressed to:

4

5                          Brent M. Davis
                         Ronald S. Bienstock
6                       Scarinci & Hollenbeck
7                       1100 Valley Brook Ave
                        Lyndhurst, NJ 07071
8                        bdavis@sh-law.com
9                      rbienstock@sh-law.com

10

11      Respectfully submitted, this 3rd of March, 2017.

12                                              BATES & BATES, LLC

13
                                                  /s/ Andrea E. Bates
14                                              ANDREA E. BATES

15

16

17

18

19

20

21

22

23

24

25

26

27

28